In re The PATERNITY OF J.T.I.,

**Elisabeth A. Irvin, Appellant–Respondent,**

v.

**Delenore Q. Guyton, Appellee–Petitioner.**

No. 02A03–0703–JV–169.

Court of Appeals of Indiana.

Oct. 31, 2007.

Thomas B. O'Farrell, McClure & O'Farrell, P.C., Westfield, IN, Attorney for Appellant.

Roberta L. Renbarger, Renbarger Law Firm, Fort Wayne, IN, Attorney for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Elisabeth Irvin appeals the trial court's order holding her in contempt. We reverse and remand.

### Issue

The sole issue we address is whether Irvin could be held in contempt where no rule to show cause was issued.

### Facts

Irvin has a child, J.T.I., who was born in 1998. In 1999, Delenore Guyton was determined to be J.T.I.'s father, and he was ordered to pay child support and was granted supervised visitation. On Febru-

ary 19, 2003, the trial court held one of many hearings regarding support and visitation that have occurred over the years. Irvin did not appear at this hearing. At its conclusion, the trial court's chronological case summary ("CCS") indicates that Guyton's visitation was modified so that it corresponded with the Indiana Parenting Time Guidelines. Irvin claims that no copy of this order was served upon her, nor that a copy of the order can be found in the trial court's case file.

On August 29, 2006, Guyton filed an unverified, pro se "Petition to Enforce Parenting Time and for Contempt," which in its entirety read:

> Custodial parent has intentionally deprived and withheld parenting time rights of non-custodial parent, who requests hearing before this court in order for custodial parent to show cause why a Restraining Order should not issue and/or an Order of Contempt be issued.

App. p. 124. No certificate of service was attached to this petition, nor is there any other indication that it was sent to Irvin. Also on August 29, 2006, the trial court clerk mailed a "NOTICE OF HEARING AND ORDER TO APPEAR" to Irvin, which stated, "You are hereby ordered to appear for the hearing regarding the respondent's motion regarding parenting time" scheduled for January 31, 2007. *Id.* at 127. Additionally, a copy of the trial court's CCS entry regarding Guyton's petition appears to have been attached to the notice, which stated, "Petition to enforce parenting time and for contempt and notice of hearing filed by Delenore Guyton. Notice issued by court through regular U.S. mail and by clerk through certified

mail." *Id.* at 129.[1] This notice was mailed to Irvin's address in Indianapolis, but it was returned undelivered and marked by the post office as "unclaimed." *Id.* at 125.

It appears that Irvin at some point learned of the January 31, 2007 hearing. On January 16, 2007, Irvin filed a pro se motion to continue the January 31, 2007 hearing for health-related reasons.[2] In the motion, which was in the form of a letter, Irvin referred to the hearing as the "Visitation Case." *Id.* at 201. The letter also sought continuance of a hearing scheduled for February 6, 2007, which was to address child support issues.

The trial court did not grant a continuance and proceeded with a contempt hearing on January 31. Irvin did not appear at the hearing, either personally or by counsel. Guyton testified generally that Irvin did not allow him to have visitation with J.T.I. as ordered by the court. He also testified that Irvin had moved from Fort Wayne to Indianapolis without telling Guyton.

After the hearing, the trial court issued an order stating in part:

> Petitioner [Irvin] is wholly defaulted. Body attachment is ordered for her failure to appear, which is taken under advisement until February 6, 2007 at 11:30 a.m. Petitioner's failure to appear on said date will result in a body attachment issued for Petitioner without further notice, subject to a surety bond of $2,500.00. The court finds that the Petitioner has removed the child more than 100 miles from the jurisdiction of the court without notice or permission of the court. Petitioner is found in contempt

---

1. It is not absolutely clear from the parties' appendices that this CCS entry was attached to the notice of hearing. We will assume for the sake of argument that it was.

2. Guyton asserts that Irvin did not fax this motion to the court until January 30. However, the letter is file-stamped January 16, and its filing on January 16 is reflected in the CCS.

for failure to comply with the Indiana Parenting Time Guidelines. The court orders the Petitioner committed to the Allen County Confinement Facility for thirty (30) days for contempt of the parenting time guidelines and order of this court governing parenting time. Commitment is stayed subject to cause of the Petitioner shown why commitment should not be executed. Petitioner is ordered to show cause why she should not be held in further contempt of the court for removing the child more than 100 miles from the court's jurisdiction without leave of court. The Petitioner may purge the finding of contempt and of the rule to show cause by delivering the minor child to the residence of the Respondent for overnight parenting time each weekend....

*Id.* at 135–36.

Irvin appeared with counsel at the February 6 hearing regarding child support. At its outset, Irvin challenged the January 31 contempt finding by arguing that she never was served with Gutyon's contempt petition. Irvin also asserted that there was no order of record granting Guyton standard parenting time that she was alleged to have violated. The trial court refused to hear Irvin on these issues and directed her to comply with the January 31 order. Later in the hearing, it was determined that although Irvin had moved to Indianapolis, J.T.I. continued to live in Fort Wayne with his maternal grandmother; Irvin planned to have J.T.I. move to Indianapolis at some time in the future. The trial court made a finding to this effect after the hearing, thus essentially correcting its January 31 finding that Irvin had already moved the child to Indianapolis. It also modified Guyton's support obligation, and ordered the parties to mediation to attempt to resolve parenting time issues.

On February 21, 2007, Irvin filed a notice of appeal. The notice stated that Irvin intended to challenge the January 31, 2007 and February 6, 2007 orders of the trial court. On April 13, 2007, this court issued an order staying all further proceedings in the trial court until resolution of this appeal.

### Analysis

■ Irvin contends the trial court erred in finding her in contempt because it had not issued a rule to show cause before making that finding. Civil contempt is a violation of a court order benefiting an aggrieved party, and contempt is indirect if it undermines the orders or activities of the court but involves actions outside the trial court's personal knowledge. *See In re Contempt of Wabash Valley Hosp., Inc.,* 827 N.E.2d 50, 61–62 (Ind.Ct.App.2005). There is no question here that Irvin's case, i.e. alleged interference with Guyton's parenting time as provided by a court order, is one of indirect civil contempt.

■ An indirect contempt proceeding requires an array of due process protections, including notice and the opportunity to be heard. *Id.* at 62. These protections are provided by compliance with Indiana Code Section 34–47–3–5. *Id.* That statute provides:

(a) In all cases of indirect contempts, the person charged with indirect contempt is entitled:

(1) before answering the charge; or

(2) being punished for the contempt;

to be served with a rule of the court against which the contempt was alleged to have been committed.

(b) The rule to show cause must:

(1) clearly and distinctly set forth the facts that are alleged to constitute the contempt;

(2) specify the time and place of the facts with reasonable certainty, as to

inform the defendant of the nature and circumstances of the charge against the defendant; and

(3) specify a time and place at which the defendant is required to show cause, in the court, why the defendant should not be attached and punished for such contempt.

(c) The court shall, on proper showing, extend the time provided under subsection (b)(3) to give the defendant a reasonable and just opportunity to be purged of the contempt.

(d) A rule provided for under subsection (b) may not issue until the facts alleged to constitute the contempt have been:

(1) brought to the knowledge of the court by an information; and

(2) duly verified by the oath of affirmation of some officers of the court or other responsible person.

Ind.Code § 34–47–3–5. If no rule to show cause is issued in compliance with this statute, a court may lack the authority to hold a person in contempt. *See Carter v. Johnson*, 745 N.E.2d 237, 241 (Ind.Ct.App. 2001). Strict compliance with the rule to show cause statute may be excused if it is clear the alleged contemnor nevertheless had clear notice of the accusations against him or her, for example because he or she received a copy of an original contempt information that contained detailed factual allegations, or if he or she appears at the contempt hearing and admits to the factual basis for a contempt finding. *See Lasater v. Lasater*, 809 N.E.2d 380, 385–86 (Ind.Ct. App.2004); *Mitchell v. Stevenson*, 677 N.E.2d 551, 560–61 (Ind.Ct.App.1997), *trans. denied.*

■ Here, there was no rule to show cause issued in accordance with Indiana Code Section 34–47–3–5. The face of the trial court's notice of the hearing scheduled for January 31, 2007, only generically advised Irvin that it would be addressing "parenting time." App. p. 127. Even if we assume that a copy of the trial court's August 29, 2006 CCS entry, stating that Guyton had filed a contempt petition, was attached to this notice, this falls far short of providing Irvin with clear, distinct, and specific facts of her alleged contemptuous acts as required by Section 34–47–3–5(b). We will not address whether Guyton's original petition, which broadly alleged that Irvin had interfered with his parenting time and was not verified, met this specificity requirement. There is no indication in the record that this petition was ever served upon Irvin, because it lacks a certificate of service as required by Indiana Trial Rule 5(C), and Irvin denied receiving it.[3] In sum, this case is considerably different from cases such as *Lasater* and *Wabash Valley Hospital*, where we excused slight deviations from the rule to show cause statute. Here, there was an almost complete failure to comply with the statute.

Additionally, Irvin did not admit to committing contemptuous acts, unlike in *Mitchell*. Indeed, she did not appear at the January 31, 2007 hearing, although she knew that some kind of hearing was to be held that day. In some or even most cases, we might consider her failure to appear a waiver of any claims of procedural defects. *See Nance v. Miami Sand & Gravel, LLC*, 825 N.E.2d 826, 834 (Ind.Ct. App.2005), *trans. denied* (noting the general proposition that an argument not presented to the trial court is waived for appellate review). However, the rule to show cause statute clearly states that a

---

3. Guyton asserts in his brief that Irvin was served with a copy of the petition, but the appendix cite he provides for this assertion in no way supports it. We find no indication in the appendices supplied by both parties that the petition was served upon Irvin.

party is not even required to answer a contempt charge unless a rule complying with the statute has been issued. I.C. § 34–47–3–5(a)(1).

■ Also, Indiana Code Section 35–47–3–6(a) provides that if a defendant fails to appear in court to answer a rule to show cause, then the court may proceed to punish the defendant for contempt. However, if no rule to show cause was issued, this provision does not apply. In light of the plain and unambiguous language of these statutes, we conclude that Irvin's failure to appear at the January 31, 2007 hearing does not preclude her in this appeal from challenging the complete absence of a rule to show cause. Irvin did object to the contempt order when she next appeared in court, which was the February 6, 2007 hearing concerning support matters, and she timely appealed the contempt order.[4] We further conclude that the absence of a rule to show cause requires reversal of the contempt order.[5] *See Carter,* 745 N.E.2d at 241.

■ In her brief, Irvin also asks that we vacate the trial court's order of February 19, 2003, as reflected in the CCS, in which it purportedly granted Guyton visitation with J.T.I. in compliance with the Indiana Parenting Time Guidelines. Irvin contends the order is invalid because she was never served with a copy of it. However, it would be improper for us to vacate an order where the time period for directly appealing that order has long passed. A contempt proceeding generally is not a proper venue for challenging the validity of an order a person is alleged to have violated, unless the trial court lacked subject matter or personal jurisdiction to enter the order. *See Lasater,* 809 N.E.2d at 388. If, indeed, Irvin was never served with a copy of the February 19, 2003 order and did not know of it, that would require not holding her in contempt for violating that order. *See Bottoms v. B & M Coal Corp.,* 405 N.E.2d 82, 89 (Ind.Ct.App. 1980). However, a finding regarding Irvin's knowledge would have to be made by the trial court in a future proceeding, if Guyton attempts to initiate a new contempt proceeding on remand.

■ Irvin also contends the trial judge, or more specifically the hearing officer who had conducted the proceedings in this case, should recuse himself from conducting further proceedings because of alleged partiality in favor of Guyton, in violation of Indiana Judicial Conduct Canon 3(E)(1). We observe from the CCS that after Irvin filed her notice of appeal, she filed a motion for change of judge in the trial court. We conclude that the judge being asked to recuse himself is required to rule on that motion before we could address the issue. Our supreme court recently clarified that where a judge's impartiality is questioned under Canon 3(E)(1), the determination of whether recusal is necessary must be

---

4. We need not address whether Irvin could have collaterally attacked the contempt order if she had allowed the deadline for filing a notice of appeal to pass. This appeal is a direct challenge to the order.

5. We note that the trial court did not refer to Irvin's failure to appear as a basis for its contempt finding. Additionally, a litigant's failure to appear at a hearing (as opposed to an attorney's failure to appear) constitutes indirect contempt that requires compliance with the procedural protections now found in Section 35–47–3–5, not direct contempt. *See Levick v. State,* 224 Ind. 561, 561, 69 N.E.2d 597, 597 (1946); *Williams v. State ex rel. Harris,* 690 N.E.2d 315, 317–18 (Ind.Ct.App. 1997); *Broderick v. Denbo,* 413 N.E.2d 948, 957 (Ind.Ct.App.1980). Thus, the trial court would have been required to issue a rule to show cause and conduct a separate hearing to determine whether Irvin should have been held in contempt for failing to appear at the January 31, 2007 hearing.

made in the first instance by the judge in question, and not by another judge. *See Voss v. State,* 856 N.E.2d 1211, 1221 (Ind. 2006). In light of *Voss,* it would be improper for us to pre-empt a ruling by the trial court on Irvin's pending recusal motion.[6]

### Conclusion

Because there was no compliance with the rule to show cause statute, we reverse the trial court's contempt finding against Irvin and remand for further proceedings consistent with this opinion.

Reversed and remanded.

ROBB, J., concurs.

KIRSCH, J., dissents with opinion.

KIRSCH, Judge, dissenting.

I interpret the trial court proceedings in this case very differently than my colleagues, and, accordingly, I respectfully dissent.

It is undisputed that this case involves an eight-year boy who has no relationship with his Father because of ongoing disputes over parenting time and support. It is also undisputed that Father filed a request with the trial court to enforce parenting time with his son. It is undisputed that the trial court ordered Mother to appear for a hearing on Father's request on January 31, 2007. Finally, it is undisputed that Mother received the order to appear before the trial court on that date because she sent a letter to the court requesting a continuance.

At the hearing on January 31, 2007, Mother was held in contempt not only for her failure to make the parties' son available for visitation, but also for her failure to appear at the hearing. The majority

correctly notes that a litigant's failure to appear at a hearing has been deemed to be an indirect contempt. *Op.,* n. 5. While the trial court also found Mother in contempt for her failure to comply with the Indiana Parenting Time Guidelines, it stayed such finding and ordered Mother to show cause why the order should not be carried out at a hearing to be held on February 7, 2007. In so doing, I believe the trial court fully complied with Indiana Code Section 34–47–3–5.

---

**6.** We note that although Irvin indicated in her notice of appeal that she would be challeng-

ing the trial court's February 6, 2007 order, she did not do so in her briefs.