**In the Matter of the PATERNITY OF C.N.S.,**

**Dustin Sizemore, Appellant,**

**v.**

**Shawna Glasscock, State of Indiana, Title IV–D, Appellees.**

**No. 55A01–0809–JV–452.**

Court of Appeals of Indiana.

Jan. 30, 2009.

Publication Ordered Feb. 13, 2009.

Thomas M. Frohman, Indiana Legal Services, Inc., Bloomington, IN, Adam

Mueller, Indiana Legal Services, Inc., Indianapolis, IN, Attorneys for Appellant.

## OPINION

BARNES, Judge.

### Case Summary

Dustin Sizemore appeals the trial court's order finding him in contempt for failing to pay child support. We reverse.

### Issue

Sizemore raises a number of issues on appeal. We address the following combined and restated issue: whether the trial court committed procedural error in finding Sizemore in contempt.

### Facts

On July 15, 2008, the trial court entered a paternity order finding Sizemore to be the father of C.S. It also directed Sizemore to pay $61 per week in current child support, plus an additional $9 per week towards a support arrearage of $1220 dating back to the filing of the paternity petition. The order concluded by setting the case for a "compliance hearing" on August 28, 2008. App. p. 8.

Because this is a Title IV–D case, the State of Indiana, through the Morgan County prosecutor's office, appeared at the compliance hearing instead of C.S.'s mother. The deputy prosecutor stated at the beginning of the hearing that Sizemore had not yet paid any child support. Sizemore responded that he had had trouble finding work recently and had earned only $400 in the last two months and was living with his current girlfriend. The following discussion then ensued between Sizemore and the trial court:

THE COURT: Well, what can you tell me right now that's going to make me believe that this is going to be by God turned around and you're going to come back here in two months and this is going to get better. Now go ahead and tell me right now.

[Sizemore]: Well, there is definitely no excuse for not paying child support . . .

THE COURT: I'm not talking about excuses; I want things to get better now.

[Sizemore]: I'll definitely . . .

THE COURT: I mean you've coasted for three months. You've wasted three months. Now I want to know now what we're going to do.

[Sizemore]: Definitely going to get a job and . . .

THE COURT: Well, we're definitely going to go to jail for a night.

[Sizemore]: . . . by all means I'll get a job and I will definitely take every bit of what I make and pay my child support off. I'll definitely get it paid.

THE COURT: You are in contempt of Court. You're going to jail for thirty days, suspended all but twenty-nine . . .

[Sizemore]: Not to mention I haven't even had legal representation . . .

THE COURT: They're going to pick you up in a minute and take you to jail, for one night. You'll be released tomorrow morning. And you'd better turn this around.

Tr. pp. 4–5. The trial court then issued a written order clarifying that Sizemore was sentenced to jail for thirty days, with twenty-nine suspended and one served. The order contained no mechanism for Sizemore to purge himself of the contempt. Sizemore now appeals.

### Analysis

 We first note that neither the State nor C.S.'s mother have filed an ap-

pellee's brief.[1] When no appellee has filed an answer brief we need not undertake the burden of developing an argument on behalf of the appellees. *Fifth Third Bank v. PNC Bank,* 885 N.E.2d 52, 54 (Ind.Ct.App. 2008). Rather, we may reverse the trial court if the appellant presents a case of prima facie error. *Id.* Prima facie error means at first sight, on first appearance, or on the face of it. *Id.* If an appellant does not meet this burden, we will affirm. *Id.*

 Indirect contempt proceedings may be used to enforce child support obligations. *See Marks v. Tolliver,* 839 N.E.2d 703, 706 (Ind.Ct.App.2005). Such proceedings require an array of due process protections, including notice and the opportunity to be heard. *In re Paternity of J.T.I.,* 875 N.E.2d 447, 450 (Ind.Ct.App. 2007). These protections are provided through Indiana Code Section 34–47–3–5. *Id.* That statute provides:

(a) In all cases of indirect contempts, the person charged with indirect contempt is entitled:

(1) before answering the charge; or

(2) being punished for the contempt;

to be served with a rule of the court against which the contempt was alleged to have been committed.

(b) The rule to show cause must:

(1) clearly and distinctly set forth the facts that are alleged to constitute the contempt;

(2) specify the time and place of the facts with reasonable certainty, as to inform the defendant of the nature and circumstances of the charge against the defendant; and

(3) specify a time and place at which the defendant is required to show cause, in the court, why the defendant should not be attached and punished for such contempt.

(c) The court shall, on proper showing, extend the time provided under subsection (b)(3) to give the defendant a reasonable and just opportunity to be purged of the contempt.

(d) A rule provided for under subsection (b) may not issue until the facts alleged to constitute the contempt have been:

(1) brought to the knowledge of the court by an information; and

(2) duly verified by the oath of affirmation of some officers of the court or other responsible person.

If no rule to show cause is issued in compliance with this statute, a court generally cannot hold a person in indirect contempt. *J.T.I.,* 875 N.E.2d at 451. Strict compliance with the rule to show cause statute may be excused if it is clear the alleged contemnor nevertheless had clear notice of the accusations against him or her. *Id.* This may be the case if he or she received a copy of an original contempt information that contained detailed factual allegations, or if he or she appears at the contempt hearing and admits to the factual basis for a contempt finding. *Id.*

 Here, no rule to show cause was issued before the trial court spontaneously decided to hold Sizemore in contempt for failing to pay child support. Neither of the exceptions to requiring a rule to show cause apply in this case. Sizemore did admit at the hearing that he failed to pay child support, but he attempted to explain his difficulty in securing regular employment and stated that he had earned only $400 in the past two months; Sizemore's child support obligation over an eight-week

---

1. Ordinarily, we might consider this appeal as moot. The thirty-day jail sentence for the contempt finding has long since expired. However, because there is no appellee's brief and we find clear error in the trial court's actions, we issue this decision on the merits.

period, including the arrearage he had to make up, would be $560. A court cannot hold a parent in contempt for failing to pay child support unless the parent had the ability to pay and the failure to do so was willful. *Marks*, 839 N.E.2d at 706. Sizemore did not admit he had the ability to pay support. Thus, the trial court could not hold him in contempt without first complying with the rule to show cause statute. *See J.T.I.*, 875 N.E.2d at 451–52.

 Although this alone is sufficient to reverse the contempt finding, we wish to point out two additional problems with the manner in which the trial court found Sizemore in contempt. First, a person may not be incarcerated by the government without first being advised of his or her constitutional right to counsel. *Marks*, 839 N.E.2d at 706. If an individual is in jeopardy of incarceration because of a contempt proceeding and that person is indigent, he or she may not be incarcerated without having counsel appointed to represent him or her. *Id.* Here, there is a clear possibility that Sizemore is indigent, yet the trial court sent him to jail without advising him of his right to counsel or inquiring into whether he was indigent. Admittedly, the executed portion of the sentence the trial court imposed was only one day, but that does not justify depriving Sizemore of his right to counsel.

 Second, we note that a jail sentence for civil contempt must be coercive or remedial rather than punitive in nature. *K.L.N. v. State*, 881 N.E.2d 39, 42 (Ind.Ct. App.2008). To avoid being purely punitive, a contempt order must offer an opportunity for the recalcitrant party to purge himself or herself of the contempt. *Id.* Specifically, in the context of child support, a party must be given an opportunity to purge himself or herself of contempt by paying the amount owed. *Marks*, 839 N.E.2d at 707. Furthermore, incarcera-

tion for contempt is legally allowable only where the support order upon which release is conditioned is attainable by the obligor. *Id.* Here, the contempt order and accompanying jail sentence contained no opportunity for Sizemore to purge himself of the contempt, making that sentence purely punitive and impermissible.

### Conclusion

The trial court erred in finding Sizemore in contempt without a rule to show cause first being issued, without advising Sizemore of his right to counsel, and in failing to give Sizemore an opportunity to purge himself of contempt. We reverse.

Reversed.

BAILEY, J., and MATHIAS, J., concur.

### *ORDER*

Appellant Dustin Sizemore, by counsel, has filed a motion to publish.

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. Appellant's Motion To Publish is GRANTED. The Court's opinion handed down in this cause on January 30, 2009, marked Memorandum Decision, Not For Publication, is now ORDERED PUBLISHED.

BAILEY, MATHIAS, BARNES, JJ., concur.