**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**R. PATRICK MAGRATH**
Alcorn Goering & Sage, LLP
Madison, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MONICA OEVERMEYER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 78A01-1204-DR-187 |
| | ) | |
| DENNIS STEINBIS, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE SWITZERLAND CIRCUIT COURT
The Honorable Ted R. Todd, Special Judge
Cause No. 78C01-0606-DR-35

**November 27, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Monica Oevermeyer appeals the trial court's order finding her in contempt as requested by her ex-husband, Dennis Steinbis. We reverse.

**Issue**

Oevermeyer raises three issues but we address only one dispositive issue, which is whether the trial court properly allowed Steinbis to effectively amend his contempt petition against Oevermeyer without prior notice to her.

**Facts**

The marriage between Oevermeyer and Steinbis ended via an agreed dissolution decree entered in January 2008. Oevermeyer was granted primary physical custody of the parties' two children, and Steinbis was ordered to pay $238 per week in child support. The decree provided in part that with respect to the parties' child T.S., Steinbis would be able to claim T.S. "for income tax purposes so long as he is current in his child support obligation as of January 15th immediately following the tax year . . . ." App. p. 11.

Steinbis fell behind in his child support payments in early 2010. On June 9, 2010, the trial court approved an agreed order modifying Steinbis's support obligation to $154.43 per week, effective October 23, 2009. The order also found that Steinbis had accumulated an arrearage of $821.98 through April 16, 2010 and ordered Steinbis to pay that amount by July 1, 2010.

On November 16, 2011, Steinbis filed a petition for a rule to show cause why Oevermeyer should not be held in contempt. The petition specifically alleged that

Oevermeyer had claimed T.S. on her 2010 federal income tax return, in violation of the January 2008 dissolution decree. The petition did not mention any other years when Oevermeyer had allegedly claimed the deduction improperly.

The trial court held a hearing on the petition on February 24, 2012, at which Steinbis was represented by counsel and Oevermeyer appeared pro se. At the outset of the hearing, counsel for Steinbis stated the issue before the court was "the dependency exemption, specifically for the 2010 tax year. Uh…there also will be evidence of uh…problems in other tax…in 2009 and hopefully no problem in 2011." Tr. p. 3. During Steinbis's testimony, he presented documentation from the Internal Revenue Service ("IRS") regarding its rejection of his 2010 and 2009 income tax returns for the reason that he had claimed T.S. as a dependent after someone else had already claimed him. Steinbis presented further IRS documentation regarding rejection of the 2009 tax return, including that he was subjected to penalties plus interest in the amount of $1647.07 for his improper (or duplicative) inclusion of T.S. as a dependent child on his tax return. Steinbis presented no evidence that he incurred any monetary penalties with respect to the 2010 tax return. Steinbis also testified that although he became delinquent on child support by April 2010, he was in fact current on January 15, 2010.

During her testimony Oevermeyer stated more than once that she had not received any notice that Steinbis was going to address the 2009 tax return during the hearing and she was not prepared to address that issue. Regardless, she was questioned by the trial court regarding her 2009 tax return. Oevermeyer also attempted to introduce into

3

evidence a certified printed worksheet from the county clerk's office purporting to show that Steinbis was behind on his child support payments on January 15, 2011, thus precluding Steinbis from claiming T.S. as a dependent for the 2010 tax year. The trial court sustained Steinbis's objection to this document for the reason that it had handwritten corrections on it.[1] Oevermeyer did not present any documentary evidence as to whether Steinbis was behind on his child support payments as of January 15, 2010, although she testified that he had been.

On March 28, 2012, the trial court entered an order finding Oevermeyer in contempt. The order stated in part:

> Mr. Steinbis was in arrears in early 2010, but paid on both support and arrearage by a wage assignment plus a $1300 payment and was current on January 15, 2011 according to his calculation. . . .
>
> The Court finds that Ms. Oevermeyer is in contempt of this Court for her wrongfully claiming [T.S.] as a tax exemption or in allowing someone other than Mr. Steinbis to claim him as a tax exemption on federal income taxes for the year 2010. As a result of this action, Mr. Steinbis has a tax obligation of $1,647.07 and attorney's fees in the amount of $500.00 for a total of $2,147.07.

App. pp. 24-25. The trial court ordered Oevermeyer to purge herself of contempt by paying $2,147.07 to Steinbis. Oevermeyer now appeals.

---

[1] Oevermeyer contends that these handwritten corrections were made by the court clerk who prepared the printout and that, in any event, the document indicated that Steinbis was behind on child support on January 15, 2011, even if the handwritten marks are ignored. After the hearing, Oevermeyer obtained and submitted to the trial court a letter from the court clerk who prepared the printout, which stated that she believed Steinbis was $148.43 in child support arrears on January 15, 2011. The trial court refused to consider this letter.

4

**Analysis**

We first note that Steinbis has not filed a brief with this court. When an appellee has not filed a brief, we need not undertake the burden of developing arguments on the appellee's behalf. Trinity Homes, LLC v. Fang, 848 N.E.2d 1065, 1068 (Ind. 2006). Rather, we may reverse a trial court judgment if the appellant has presented a case of prima facie error. Id. Prima facie error means at first sight, on first appearance, or on the face of it. Id. We will affirm if an appellant does not meet this burden. Id.

Oevermeyer was found to have committed indirect civil contempt, which is willful violation of a court order intended to benefit an aggrieved party that takes place outside the trial court's presence. See In re Paternity of M.F., 956 N.E.2d 1157, 1163 (Ind. Ct. App. 2011). A proceeding to hold a person in indirect contempt requires a variety of due process protections, including notice and an opportunity to be heard. In re Paternity of J.T.I., 875 N.E.2d 447, 450 (Ind. Ct. App. 2007). Indiana Code Section 34-47-3-5 codifies those protections and states:

> (a) In all cases of indirect contempts, the person charged with indirect contempt is entitled:
>
> > (1) before answering the charge; or
> >
> > (2) being punished for the contempt;
>
> to be served with a rule of the court against which the contempt was alleged to have been committed.
>
> (b) The rule to show cause must:

5

(1) clearly and distinctly set forth the facts that are alleged to constitute the contempt;

(2) <u>specify the time and place of the facts with reasonable certainty, as to inform the defendant of the nature and circumstances of the charge against the defendant</u>; and

(3) specify a time and place at which the defendant is required to show cause, in the court, why the defendant should not be attached and punished for such contempt.

(c) The court shall, on proper showing, extend the time provided under subsection (b)(3) to give the defendant a reasonable and just opportunity to be purged of the contempt.

(d) A rule provided for under subsection (b) may not issue until the facts alleged to constitute the contempt have been:

(1) brought to the knowledge of the court by an information; and

(2) duly verified by the oath of affirmation of some officers of the court or other responsible person.

(Emphasis added). If the rule to show cause statute is not complied with, a court may lack the authority to hold a person in contempt. <u>J.T.I.</u>, 875 N.E.2d at 451. Strict compliance with the statute may be excused under certain circumstances, including situations where the alleged contemnor appears at the contempt hearing and admits to the factual basis for a contempt finding. <u>Id.</u>

Additionally, in contempt cases the alleged contemnor must be given notice of the alleged contemptuous acts such that he or she has adequate time to prepare a defense. <u>Showalter v. Brubaker</u>, 650 N.E.2d 693, 701 (Ind. Ct. App. 1995). "Failure to give such

6

notice results in prejudice to the defendant." Id. Although Indiana Trial Rule 15(B)[2] may be utilized in some cases to permit amendment of a contempt petition, such ability to amend is not without limitation. Id. In particular, a party generally should not be permitted to amend a contempt petition during a contempt hearing to include allegations of other contemptuous acts of which the alleged contemnor had no prior notice. See id.

As far as "implied consent" to trial of an unpled issue is concerned, both parties must litigate the new issue. Columbia Club, Inc. v. American Fletcher Realty Corp., 720 N.E.2d 411, 423 (Ind. Ct. App. 1999), trans. denied. "Furthermore, the opposing party may not insert a new issue into a trial under the cloak of evidence relevant to an already pleaded issue." Id.

Here, Steinbis's contempt petition explicitly, and only, alleged that Oevermeyer had improperly prevented him from claiming T.S. as a dependent on his 2010 tax return. Oevermeyer came to court prepared to defend against that assertion, i.e. that Steinbis was

---

[2] This rule provides:

> **(B) Amendments to conform to the evidence.** When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

7

not current on his child support obligation as of January 15, 2011, albeit with documentary evidence that the trial court ruled was inadmissible. Nonetheless, Steinbis injected the issue of the 2009 tax return into the contempt proceedings. Oevermeyer insisted at the hearing that she had no prior notice that Steinbis intended to challenge the 2009 tax return, and nothing in the record contradicts her assertion. Oevermeyer made no attempt to litigate the issue of the 2009 tax return, except to the extent that the trial court questioned her about it. She also did not admit that she improperly and contemptuously claimed T.S. as a dependent on her 2009 tax return, stating her belief that Steinbis was delinquent on his child support obligation on January 15, 2010, which would have permitted her to claim T.S. as a dependent for the 2009 tax year.

We find nothing in the record indicating that Oevermeyer impliedly consented to litigate the issue of the 2009 tax return. It also is clear that permitting Steinbis to raise and litigate that issue without prior notice to Oevermeyer prejudiced her. Not only was she unprepared to address that issue at the hearing, but the trial court's monetary remedy for Oevermeyer's alleged contempt was based exclusively on evidence related to the 2009 tax return, namely the amount of penalties and interest the IRS imposed against Steinbis for improperly claiming T.S. as a dependent for that tax year. Steinbis presented no evidence of any IRS penalties related to the 2010 tax year.[3] In other words, Steinbis failed to prove that even if Oevermeyer improperly prevented him from claiming T.S. as

---

[3] We also note that, although the trial court found Steinbis was current on his support obligation as of January 15, 2011, it made no similar express finding with respect to January 15, 2010, Oevermeyer's claiming of T.S. as a dependent for the 2009 tax year, and the IRS penalties Steinbis incurred for that tax year.

a dependent for 2010, that such action caused any harm to him. It thus appears that the trial court inextricably intertwined the evidence related to the 2009 tax return with the evidence related to the 2010 tax return. In sum, particularly given our prima facie error review, we conclude that basing the contempt judgment against Oevermeyer in significant part on evidence related to the unpled issue of the 2009 tax return violated Oevermeyer's due process rights under the rule to show cause statute and was not permissible under Indiana Trial Rule 15(B).

## Conclusion

The trial court improperly based its contempt order against Oevermeyer on an alleged contemptuous act that Steinbis failed to mention his contempt petition. We reverse that order.

Reversed.

VAIDIK, J., and MATHIAS, J., concur.

9