

ATTORNEY FOR APPELLANT

Jeffery Leeper
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jason Stanke, | August 31, 2015 |
| *Appellant*, | Court of Appeals Case No. 29A02-1412-DR-862 |
| v. | Appeal from the Hamilton Superior Court |
| Nicole Swickard, | The Honorable William J. Hughes, Judge |
| *Appellee*. | Trial Court Cause No. 29D03-1208-DR-8811 |

**Brown, Judge.**

[1] Jason Stanke ("Stanke") appeals the trial court's order finding him in contempt of court. Stanke raises three issues, which we consolidate and restate as whether the court erred in finding him in contempt. We reverse and remand.

*Facts and Procedural History*

[2] Stanke and Nicole Swickard finalized their divorce on October 8, 2013. They have two children, B.S. and T.S. (the "Children"). On February 18, 2014, Stanke filed a petition for modification of child support after he became unemployed. On March 5, 2014, Swickard filed a motion for contempt citation and for modification of parenting time. On April 8, 2014, Swickard filed a second motion for contempt citation. On May 7, 2014, Stanke filed a motion for contempt citation. On May 20, 2014, Swickard filed a Motion for Appointment of a Level II PC. On August 5, 2014, Swickard filed an Amended Verified Combined Motion for Contempt Citation and Modification of Parenting Time, a Motion for Proceedings Supplemental, and a Motion for Rule to Show Cause. On August 6, 2014, Swickard filed a motion to dismiss her April 8, 2014 motion for contempt citation.

[3] On August 7, 2014, the court issued an Order to Appear and Show Cause. In relevant part, the order provided that "[i]t is therefore ordered, adjudged, and decreed by this Court that Jason Stanke show cause why he should not be found in contempt of this Court's order regarding nonpayment of his child support obligation under this cause." Appellant's Appendix at 62. On August 11, 2014, Stanke filed a motion to dismiss motion for contempt and to modify parenting time, a motion to dismiss Swickard's motion for a Verified Rule to

Show Cause, and a motion to withdraw his May 7, 2014 motion for contempt citation.

[4] The parties' arguments on the various motions were heard by the court on August 12, 2014, and October 28, 2014. On November 18, 2014, the court issued its Order on All Pending Motions. Concerning Swickard's August 5, 2014 motion for contempt citation, the court found that Stanke was in contempt for failing to return the Children to Swickard after his midweek parenting time as required by the dissolution decree, and ordered him to serve 180 days in the Hamilton County Jail, which was suspended on the condition that he return the Children to Swickard as required by the decree. The court further found Stanke in contempt for having taken the Children out of the State of Indiana without providing Swickard information required under the Indiana Parenting Time Guidelines, and ordered him to serve 180 days in the Hamilton County Jail, which was suspended on the condition that he not remove the Children from the state without advance notice and without providing the information required by the Parenting Time Guidelines. Finally, the court found Stanke in contempt for failure to pay child support and ordered him to serve 180 days in the Hamilton County Jail, which was stayed for a period of 365 days on the condition that he makes all child support payments in a timely manner in the amount ordered by the court.

## Discussion

[5] The issue is whether the trial court erred in finding Stanke in contempt. Stanke argues in part that he was not afforded the due process required to find him in

contempt of court because the court's rule to show cause order did not meet the statutory requirements for such an order and did not properly notify him of the allegations against him.

[6] We initially observe that Swickard has not filed an appellee's brief. When an appellee has not filed an answer brief, we need not undertake the burden of developing an argument on the appellee's behalf. *Henderson v. Henderson*, 919 N.E.2d 1207, 1210 (Ind. Ct. App. 2010). Rather, we may reverse the trial court if the appellant presents a case of *prima facie* error. *Id. Prima facie* error means at first sight, on first appearance, or on the face of it. *Id.* If an appellant does not meet this burden, we will affirm. *Id.*

[7] Contempt of court "involves disobedience of a court which undermines the court's authority, justice, and dignity." *Id.* (citing *Srivastava v. Indianapolis Hebrew Congregation, Inc.*, 779 N.E.2d 52, 60 (Ind. Ct. App. 2002), *trans. denied*). There are two types of contempt: direct and indirect. *Id.* Direct contempt involves actions occurring near the court that interfere with the business of the court and of which the judge has personal knowledge. *Id.* Contempt is indirect if it involves actions outside the trial court's personal knowledge. *Id.* "Willful disobedience of any lawfully entered court order of which the offender had notice is indirect contempt." *Id.* (citing *Francies v. Francies*, 759 N.E.2d 1106, 1118 (Ind. Ct. App. 2001), *reh'g denied*, *trans. denied*).

[8] The trial court here found Stanke in contempt for failing to abide by the terms of the Dissolution Decree concerning midweek parenting time, failing to follow

the Indiana Parenting Time Guidelines concerning taking the Children out of the state, and failing to make child support payments. As such, this case involves indirect contempt. *See id.* (citing *In re Paternity of J.T.I.*, 875 N.E.2d 447, 450 (Ind. Ct. App. 2007) (concluding that the mother's interference with the father's parenting time as provided by a court order is one of indirect civil contempt)). Generally, a person who willfully disobeys any order lawfully issued by any court of record or by the proper officer of the court is guilty of indirect contempt. *Id.* (citing Ind. Code § 34-47-3-1).

[9] An indirect contempt proceeding requires an array of due process protections, including notice and the opportunity to be heard. *In re Contempt of Wabash Valley Hosp., Inc.*, 827 N.E.2d 50, 62 (Ind. Ct. App. 2005). These protections are provided by the court's compliance with Ind. Code § 34-47-3-5. *Id.* That statute provides:

> (a) In all cases of indirect contempts, the person charged with indirect contempt is entitled:
>
>> (1) before answering the charge; or
>>
>> (2) being punished for the contempt;
>
> to be served with a rule of the court against which the contempt was alleged to have been committed.
>
> (b) The rule to show cause must:
>
>> (1) clearly and distinctly set forth the facts that are alleged to constitute the contempt;
>>
>> (2) specify the time and place of the facts with reasonable certainty, as to inform the defendant of the nature and circumstances of the charge against the defendant; and

(3) specify a time and place at which the defendant is required to show cause, in the court, why the defendant should not be attached and punished for such contempt.

(c) The court shall, on proper showing, extend the time provided under subsection (b)(3) to give the defendant a reasonable and just opportunity to be purged of the contempt.

(d) A rule provided for under subsection (b) may not issue until the facts alleged to constitute the contempt have been:

(1) brought to the knowledge of the court by an information; and

(2) duly verified by the oath of affirmation of some officers of the court or other responsible person.

Ind. Code § 34-47-3-5. Additionally, with respect to contempt for failure to pay child support, Ind. Code § 31-16-12-6[1] provides in part:

(c) The court may order a party who is alleged to be in contempt of court under this section to show cause as to why the party should not be held in contempt for violating an order for support. The order to show cause must set forth:

(1) the contempt allegations;

(2) the failure to pay child support allegations;

(3) when the court issued the order for support;

(4) the party's history of child support payments;

(5) the specific:

---

[1] Added by Pub. L. No 1-1997, § 8. Amended by Pub. L. No. 32-2000, § 18; Pub. L. No 123-2001, § 3; Pub L. No. 86-2002, § 11; and Pub. L. No. 131-2009, § 11.

(A) date and time when; and

(B) place where;

the party is required to show cause in the court; and

(6) the party's arrearage.

[10] If no rule to show cause is issued in compliance with these statutes, a court may lack the authority to hold a person in contempt. *In re Paternity of J.T.I.*, 875 N.E.2d at 451 (citing *Carter v. Johnson,* 745 N.E.2d 237, 241 (Ind. Ct. App. 2001)). Strict compliance with the rule to show cause statute may be excused if it is clear the alleged contemnor had clear notice of the accusations against him, for example because he received a copy of an original contempt information that contained detailed factual allegations, or if he appears at the contempt hearing and admits to the factual basis for a contempt finding. *Id.* at 450-451 (citing *Lasater v. Lasater*, 809 N.E.2d 380, 385-386 (Ind. Ct. App. 2004); *Mitchell v. Stevenson*, 677 N.E.2d 551, 560-561 (Ind. Ct. App. 1997), *trans. denied*).

[11] The trial court's Order to Appear and Show Cause states:

> Comes now the Petitioner, in the above-entitled cause of action, having filed her Verified Motion for Rule to Show Cause and the Court being duly advised in the premises finds that a hearing should be set to determine the matters in said Petition.
>
> **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED**
> by this court that Jason Stanke show cause why he should not be found in contempt of this Court's order regarding nonpayment of his child support obligations under this cause.

**THE COURT NOW ORDERS** the Respondent, Jason Stanke to appear personally in this Court at the Hamilton County Superior Court 3, One Hamilton County Square, Noblesville, IN 46060, on the 12th day of August, 2014 at 11:00 a.m.

Failure to comply with this Order to Appear may result in punishment for contempt of Court.

Appellant's Appendix at 62. Because it fails to clearly and distinctly set forth the facts underlying Stanke's contempt citations for failing to return the Children to Swickard after his midweek parenting time and taking the Children out of the State of Indiana without notice to Swickard, and fails to even include these allegations as ones on which Stanke was being ordered to show cause, the court's order does not comply with Ind. Code § 34-47-3-5(b). As it relates to the nonpayment of child support, the court's order does not comply with Ind. Code § 31-16-12-6(c) as it fails to include when the court issued its order for support, Stanke's history of child support payments, or the amount of his arrearage. Further, our review of the record reveals that, while Stanke did acknowledge that he had not made certain child support payments, he argued he was unemployed and did not admit he had the ability to pay support and thus did not admit to the factual basis of the contempt allegations regarding nonpayment of child support. *See In re Paternity of C.N.S*, 901 N.E.2d 1102, 1105-1106 (Ind. Ct. App. 2009) ("Sizemore did admit at the hearing that he failed to pay child support . . . Sizemore did not admit he had the ability to pay support. Thus, the trial court could not hold him in contempt without first complying with the rule to show cause statute."). Furthermore, we note that Swickard's motion for contempt citation did not contain detailed factual allegations, and it neither

clearly and distinctly set forth the facts she alleged to constitute contempt nor did it specify with reasonable certainty the time and place of the facts supporting the allegations of contempt. For these reasons, we conclude that Stanke's due process rights were violated and that the court erred in finding Stanke in contempt of court. *See In re Paternity of J.T.I.*, 875 N.E.2d at 451 (holding that there was "an almost complete failure to comply with the [rule to show cause] statute" and reversing the trial court's finding of contempt); *Carter*, 745 N.E.2d at 241 (holding that, having failed to comply with the due process requirements of the indirect contempt statute, the trial court was without authority to order Carter incarcerated).

[12] Additionally, we observe that a jail sentence for civil contempt must be coercive or remedial rather than punitive in nature. *In re Paternity of C.N.S.*, 901 N.E.2d at 1106. To avoid being purely punitive, a contempt order must offer an opportunity for the recalcitrant party to purge himself or herself of the contempt. *Id.* Here, the portion of the court's order that Stanke serve time in jail for his failure to return the Children to Swickard in a timely manner after his midweek parenting time and for taking the Children out of the State of Indiana without providing Swickard with required information contained no opportunity for him to purge himself of the contempt, which renders those orders purely punitive and impermissible.[2] *See id.*

---

[2] The trial court found Stanke in contempt for failure to pay child support and ordered him to serve 180 days in the Hamilton County Jail, which was stayed for a period of 365 days on the condition that he makes all child support payments in a timely manner in the amount ordered by the court. We have previously held a

[13] Finally, we observe that the trial court awarded attorney fees to Swickard in the amount of $4,750 for fees she incurred in this litigation. The award of attorney fees was, at least in part, based on the trial court's finding that Stanke was "blatantly in contempt of court for failure to pay child support when he clearly had the income to do so" and the court's belief that "[s]uch behavior should be discouraged and a significant way in which to do that is to require [Stanke] to pay [Swickard's] legal fees in pursuing her contempt." Appellant's Appendix at 88. As we reverse the trial court's findings of contempt entered against Stanke, we remand to the trial court with instruction to make a determination of appropriate attorney fees without considering any finding of contempt.

## *Conclusion*

[14] We conclude that Stanke has presented a case of *prima facie* error. For the foregoing reasons, we reverse with instruction to vacate the findings of contempt entered against Stanke, and we remand for a determination of appropriate attorney fees.

[15] Reversed and remanded.

Friedlander, J., and Riley, J., concur.

---

trial court's order to be coercive or remedial in nature, rather than punitive, where that court stayed the sentence of a contemnor pending compliance with the conditions attached to the stay. *D.W. v. State*, 673 N.E.2d 509, 512 (Ind. Ct. App 1996), *trans. denied*.