FILED

Dec 06 2016, 4:07 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Ryan H. Cassman
Cathy M. Brownson
Coots Henke & Wheeler, P.C.
Carmel, Indiana

ATTORNEY FOR APPELLEE

Eric J. Benner
Laurie D. Johnson
Boje, Benner, Becker, Markovich & Hixson, LLP
Noblesville, Indiana

# In the
# Indiana Supreme Court

No. 29S04-1612-DR-00636

IN RE THE MARRIAGE OF
THOMAS TODD REYNOLDS,

*Appellant (Petitioner below),*

v.

TRICIA REYNOLDS,

*Appellee (Respondent below).*

Appeal from the Hamilton Superior Court, No. 29D03-0904-DR-00515
The Honorable William J. Hughes, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 29A04-1505-DR-00265

**December 6, 2016**

**David, Justice.**

At issue is whether the trial court abused its discretion when it found Father in contempt for failing to provide Mother certain income documentation as required by the parties' dissolution decree and agreed order of modification. We hold that it did not. Specifically, we hold that: 1) Mother's motion for rule to show cause was specific enough to excuse strict compliance with the contempt statute and protect Father's due process rights; 2) Father waived his objections to the

evidentiary findings of the trial court when he agreed to a summary proceeding with no objection; and 3) under the facts and circumstances of this case, the trial court was not required to give Father an opportunity to purge himself of contempt. Accordingly, we affirm the trial court.

**Facts and Procedural History**

In 2010, Thomas Todd Reynolds (Father) and Tricia Reynolds (Mother) divorced. The dissolution decree established a child support obligation to be paid by Father and required that upon written request from Mother, Father make certain tax documents available for inspection. In 2013, the trial court entered an agreed modification order wherein Father's obligation was modified to account for Father's fluctuating income. This modification order required that Father pay a set weekly sum as well as make quarterly payments based upon a percentage of his income. The order further required that Father provide documentation of his income and a payment calculation to Mother quarterly, beginning in the first quarter of 2013.

In March 2014, Mother served a written request for production of documents on Father requesting tax information for Father for the years 2011-2013. In May 2014, after receiving no response from Father, Mother's counsel followed-up on the discovery requests in an attempt to informally resolve the discovery dispute. In June 2014, Mother filed her motion to compel Father's discovery responses. The trial court granted Mother's motion to compel, ordered Father to respond to Mother's request for production of documents and set a compliance hearing. During an August compliance hearing, the court dismissed Mother's motion to compel as moot, finding no petitions for modification or contempt before the court.

Shortly thereafter, Mother filed a Verified Motion for Rule to Show Cause ("Contempt Motion"), alleging Father should be held in contempt for failing to comply with the dissolution decree and the agreed modification order regarding production of certain income and tax documents. During the pendency of the Contempt Motion, Mother continued to actively seek the requested documents. For instance, she served another request for production on Father, again requesting his tax documents for 2011-2013, and in October 2014, she attended a document inspection at the office of counsel for Father in effort to obtain the requested documents. While Father provided some of the requested documents, he did not provide all of them or make them

2

available at the inspection, and thus, Mother's counsel sent correspondence to Father's counsel outlining the documents that had still not been produced.

In November 2014, Mother filed another motion to compel. The trial court granted Mother's motion to compel and set the matter for a compliance hearing. Father filed a motion to set aside the order compelling discovery and to dismiss the rule to show cause.

In December 2014, the trial court held a hearing on the parties' outstanding motions. The parties agreed to present argument in summary fashion. Ultimately, the court found Father in contempt for failing to provide Mother tax documentation from 2010 forward pursuant to the parties' dissolution decree. As sanctions for contempt, the trial court ordered that Father produce the requested documents within thirty (30) days and further ordered that Father pay $3,000 of Mother's attorney fees. Father's consolidated motion to correct errors, or, in the alternative, motion for relief under Trial Rule 60(B) was denied after a hearing. Father then appealed.

On appeal, Father argued that the trial court abused its discretion by finding him in contempt and ordering him to pay a portion of Mother's attorney fees. Specifically, he argued that the trial court did not issue a proper rule to show cause, that mother's motion for rule to show cause did not provide him with proper notice under the contempt statutes and that he did not willfully violate the terms of the dissolution decree or agreed modification order. Mother responded that Father did not provide all of the tax documents required by the dissolution decree and agreed modification order despite her repeated requests. She further argued that her motion sufficiently notified Father of the accusations against him and that Father waived any argument regarding notice because he did not raise the issue at the trial court.

The Court of Appeals reversed the trial court for abuse of discretion in a memorandum decision for two reasons: 1) the trial court did not strictly comply with the rule to show cause statute; and 2) the trial court failed to give Father a way to purge himself of contempt. Reynolds v. Reynolds, 2016 WL 612763 at *6 (Ind. Ct. App. 2016).

We now grant transfer and affirm the trial court, thereby vacating the Court of Appeals opinion.   Ind. App. Rule 58(A).

**Standard of Review**

"It is soundly within the discretion of the trial court to determine whether a party is in contempt, and we review the judgment under an abuse of discretion standard." Steele-Giri v. Steele, 51 N.E.3d 119, 124 (Ind. 2016) (quoting Witt v. Jay Petroleum, Inc., 964 N.E.2d 198, 202 (Ind. 2012)). We will reverse a trial court's finding of contempt only if there is no evidence or inference therefrom to support the finding." Id. The trial court has the inherent power to "maintain [ ] its dignity, secur[e] obedience to its process and rules, rebuk[e] interference with the conduct of business, and punish[ ] unseemly behavior." Id.

**Discussion**

### 1.   The Motion for the Rule to Show Cause contained sufficient factual detail so as to excuse strict compliance and protect Father's due process rights.

Contempt of court generally involves disobedience of a court or court order that "undermines the court's authority, justice, and dignity." In re A.S., 9 N.E.3d 129, 131 (Ind. 2014) (citing State v. Heltzel, 552 N.E.2d 31, 34 (Ind. 1990)). There are two kinds of contempt:  direct contempt and indirect contempt.  Id. Indirect contempt, which is at issue in this case, involves those acts "committed outside the presence of the court 'which nevertheless tend to interrupt, obstruct, embarrass or prevent the due administration of justice.'" Id. at 32. (quoting 6 Ind. Law Encyc. Contempt §2 (1958)).

Indiana has codified the procedural requirements for finding indirect contempt at Ind. Code section 34-47-3-5, which provides:

(a)     In all cases of indirect contempt, the person charged with indirect contempt is entitled:
(1)     before answering the charge; or
(2)     being punished for the contempt;
to be served with a rule of the court against which the contempt was alleged to have been committed.

4

(b) The rule to show cause must:
  (1) clearly and distinctly set forth the facts that are alleged to constitute the contempt;
  (2) specify the time and place of the facts with reasonable certainty, as to inform the defendant of the nature and circumstances of the charge against the defendant; and
  (3) specify a time and place at which the defendant is required to show cause, in the court, why the defendant should not be attached and punished for such contempt.
(c) The court shall, on proper showing, extend the time provided under subsection (b)(3) to give the defendant a reasonable and just opportunity to be purged of the contempt.
(d) A rule provided for under subsection (b) may not issue until the facts alleged to constitute the contempt have been:
  (1) brought to the knowledge of the court by an information; and
  (2) duly verified by oath of affirmation of some officers of the court or other responsible person.

This statute "[e]ssentially . . . fulfills the due process requirement that a contemnor be provided with adequate notice and an opportunity to be heard." In re Contempt of Wabash Valley Hosp., Inc., 827 N.E.2d 50, 62 (Ind. Ct. App. 2005). Our Court has previously held that alleged contemnors are guaranteed certain due process and procedural rights, but we have not yet had reason to elaborate on these requirements. See In re Marriage of Neiswinger, 447 N.E.2d 257, 262 (Ind. 1985).

Generally, a court's authority to find a person in contempt rests on whether a trial court has strictly complied with the statutory requirements set forth in the rule to show cause statute. In re Paternity of J.T.I, 875 N.E.2d 447, 451 (Ind. Ct. App. 2007). Our courts have found, however, that strict compliance with the statute may be excused if "it is clear the alleged contemnor nevertheless had clear notice of the accusations against him or her . . ." Id. See also Lasater v. Lasater, 809 N.E.2d 380, 386 (Ind. Ct. App. 2004); In re Contempt of Wabash Valley Hosp., Inc., 827 N.E.2d at 63-64. Examples of this "clear notice" exception include when a contemnor receives a copy of an original contempt information that contains detailed factual allegations of contempt or if the contemnor admits the factual basis for a contempt finding. In re Paternity of J.T.I., 875 N.E.2d at 451.

5

In this case, although Father disputes the notice he received, we are satisfied that Father's due process rights have been preserved in this case. Mother's Motion for Rule to Show Cause contained detailed factual allegations that Father failed to comply with provisions of the dissolution decree and agreed modification order. The Motion also incorporated by reference Mother's request for production of documents to show which documents had been requested.

Admittedly, under a plain reading of the rule to show cause statutes, the contemnor is entitled to be "served with a rule of the court against which the contempt was alleged to have been committed." Ind. Code § 34-47-3-5(a). We are not convinced, however, that a trial court *itself* must bear the burden of articulating the specific facts alleging contempt in its Order to Appear and Show Cause when a moving party has already done so and has properly served the defendant with the contempt motion. As our Court of Appeals recently held, due process is only denied when *neither* a court order nor a motion for rule to show cause contain sufficient factual detail about the allegations of contempt. See Stanke v. Swickard, 43 N.E. 3d 245, 249 (Ind. Ct. App. 2015). In this case, the motion for contempt was sufficient to provide Father with proper notice.

### 2. Father has waived his objections to the evidentiary findings of the trial court because he agreed to proceed in summary fashion and the trial court's factual determinations are supported by the evidence.

Summary proceedings "allow the court to base its findings and conclusions upon the arguments of counsel and limited evidence." Bogner v. Bogner, 29 N.E.3d 733, 739 (Ind. 2015). They also allow parties that agree on most of the relevant facts to expedite the resolution of the case. Id.

Both Father and Mother agreed to proceed in summary fashion in this case. During the summary proceeding, Father argued that he did not fail to provide income and tax documents to Mother upon her request. As discussed above, Father did not argue insufficient notice of the allegations in support of a contempt finding; instead, Father argued in his Motion to Correct Errors that "some of the background in this case… got lost in the shuffle in the summary presentation."[1] (Tr. at 32.) We construe this argument as an objection to the form of the proceedings.

---

[1] Father seems to recognize his mistake in agreeing to a summary proceeding when he also notes in his Motion to Correct Errors, "I guess in hindsight Your Honor maybe we should have more aggressively gone

However, if Father believed that he could not ascertain the specific factual allegations underlying the contempt proceeding or that a full evidentiary hearing was necessary, he should have objected to a summary proceeding. See Bogner, 29 N.E.3d at 741 (finding that when a litigant believes a full evidentiary hearing is necessary, he or she must make that objection known rather than agree to a summary proceeding). We have previously upheld "the general principle that objections not contemporaneously raised are waived." Id. (citing Jackson v. State, 735 N.E.2d 1146, 1152 (Ind. 2000)). Appellants may not sit idly by and raise issues for the first time on appeal. Id. (citing Trout v. Trout 638 N.E.2d 1306, 1307 (Ind. Ct. App. 1994)). Accordingly, because Father raised no objections to the form of the proceeding, the issue becomes whether the trial court's finding of contempt was an abuse of discretion. See Steele-Giri, 51 N.E.3d at 124.

Our standard of review requires that we reverse the trial court only if there is no evidence to support a finding of indirect contempt. Steele-Giri, 51 N.E.3d at 124. Father argues that the dissolution decree simply required him to make documents "available" rather than "produce" the documents and that the facts before the trial court did not support a finding of contempt.

However, we find that the trial court did not abuse its discretion when it found Father in contempt because there was evidence that Father did not produce certain tax documentation as required by parties' dissolution decree. Based on the arguments presented at summary trial, the trial court found that, although Father did produce some of the requested information including his Federal 1040 tax returns for 2010, 2011, and 2012, he did not provide all appropriate tax information from those years to Mother or otherwise make the documents available for inspection. This is despite multiple discovery requests from Mother. Whether the dissolution decree required Father to "make available" the documents or "produce" them is immaterial. Father had multiple opportunities over the course of many months to produce or make the requested documents available to Mother. [2] He failed to do so. Further, the trial court's order explicitly states that

---

after the Rule to Show Cause that was filed. . .We didn't want to bring before this [c]ourt just a who's right on some issue that we thought was frankly a lay down issue." (Tr. at 38).

[2] As discussed above, Mother requested documents in March 2014, reminded Father's counsel of this request in May 2014, filed a motion to compel discovery of documents in June 2014, served Father with a another request for production of documents in August 2014 and filed another motion to compel discovery in November 2014.

Father "did not make such information available to [Mother] for inspection." (Appellant's App. 21.) Thus, the trial court did not abuse its discretion when it found that Father failed to abide by the divorce decree.

With respect to the sanctions imposed by the trial court, our courts have held "trial court[s have] inherent authority to award attorney's fees for civil contempt." Crowl v. Berryhill, 678 N.E.2d 828, 831 (Ind. Ct. App. 1997); see also Thomas v. Woollen, 266 N.E.2d 20, 22 (Ind. 1971); J.S. v. W.K., 2016 WL 3442375 at *5-6 (Ind. Ct. App. June 23, 2016); and Ind. Code section 31-16-11-1[3]). Here, the sanctions for this contempt included providing the requested documentation to Mother within thirty days and paying $3,000 of Mother's attorney fees. We defer to the trial court's finding that these fees were reasonable in light of the circumstances and find that the trial court did not abuse its discretion in this instance.

### 3. The trial court was not required to give Father an opportunity to purge himself.

The Court of Appeals addressed subsection (c) of the contempt statute *sua sponte* in its memorandum decision, finding the trial court erred by not giving Father the opportunity to purge himself of contempt.[4] Reynolds at *5. At the outset, we reemphasize that the purpose of civil contempt is to coerce action by the contemnor for the benefit of the aggrieved party; civil contempt is not meant to punish the contemnor. See Deckard v. Deckard, 841 N.E.2d 194, 203 (Ind. Ct. App. 2006). See also Crowl, 678 N.E.2d at 831. Furthermore, the "purge" portion of the statute has typically only applied to cases where the trial court has ordered jail time to coerce action by

---

[3] Ind. Code section 31-16-11-1(a) reads, in relevant part:

(a) The court periodically may order a party to pay a reasonable amount for:

(1) the cost of the other party of maintaining or defending any proceeding under this chapter…;

(2) attorney's fees…

(emphasis added).

[4] Ind. Code section 34-47-3-5(c) reads: "The court shall, on proper showing, extend the time provided under subsection (b)(3) to give the defendant a reasonable and just opportunity to be purged of the contempt."

the contemnor.[5]  See Stanke, 43 N.E.3d at 249; Reed v. Cassady, 27 N.E.3d 1104, 1114 (Ind. Ct. App. 2015); In re Paternity of M.P.M.W., 908 N.E.2d 1205, 1210 (Ind. Ct. App. 2009); In re Paternity of C.N.S., 901 N.E.2d 1102, 1106 (Ind. Ct. App. 2009). This is likely because jail time is generally punitive in nature and civil contempt orders avoid punishing the contemnor by allowing the party to be purged of contempt.  Henderson v. Henderson, 919 N.E.2d 1207, 1212 n.3 (Ind. Ct. App. 2010).  However, the trial court did not order Father to serve any jail time in this case.

Further, subsection (c) of the rule to show cause statute contains the modifier "on proper showing" before the clause allowing the defendant an opportunity to be purged of contempt.  Thus, Father must show the court why he should be allowed to purge the contempt before the court allows the opportunity to purge.  The Court of Appeals did not make mention of how this subsection would apply in this case. Accordingly, because it is not clear that Father made the proper showing and he was not facing jail time, we are unpersuaded that it would be necessary for the trial court to outline the ways in which Father may be "purged of the contempt."  We note that presumably Father could have produced or permitted inspection of the requested information prior to the parties appearing in court, but he failed to do so.

## Conclusion

In light of the standard of review and because: 1) Father received sufficient notice of the specific factual allegations underlying the contempt proceeding; 2) Father did not object to a summary proceeding and the evidence was sufficient to support the trial court's findings; and 3) the trial court was not required to offer Father an opportunity to purge his contempt under these circumstances, we hold that the trial court did not abuse its discretion in finding Father in contempt for not producing certain tax documents pursuant to the parties' dissolution decree and the agreed order of modification.  Accordingly, we affirm the trial court.

---

[5] This is not to say that the purge portion of the statute could never apply in absence of jail time.  We only hold that it does not apply under the facts and circumstances of this case.

9

Rush, C.J., Rucker and Massa, J.J., concur.

Slaughter, J., dissents with separate opinion.

**Slaughter, J., dissenting.**

I respectfully dissent from the Court's decision to reinstate the indirect contempt against Father. A key procedural protection within the governing contempt statute applies here. See Ind. Code § 34-47-3-5. Specifically, Father was entitled "to be served with a rule of the court" that "clearly and distinctly set forth the facts that are alleged to constitute the contempt". Id. §§ 34-47-3-5(a), 5(b)(1). Given the trial court's acknowledged failure to issue a rule to show cause in accordance with this statutory prerequisite, I would reverse its contempt order.

The Court overlooks this omission by concluding the statute merely codifies the minimal constitutional "due process requirement that a contemnor be provided with adequate notice and an opportunity to be heard." Supra at *5 (quoting In re Contempt of Wabash Valley Hosp., Inc., 827 N.E.2d 50, 62 (Ind. Ct. App. 2005)). According to the Court, it suffices that Mother's motion for rule to show cause "contained detailed factual allegations that Father failed to comply with provisions of the dissolution decree and agreed modification order." Supra at *6. I am unable to join the Court's opinion because I believe the legislature is entitled to require that alleged contemnors receive greater procedural protections than the minimum constitutional requirements afforded by the Fourteenth Amendment.

There can be no mistaking the legislative mandate here. The statute's opening words command that the procedural requirements recited in this chapter apply "[i]n all cases" of indirect contempt. I.C. § 34-47-3-5(a). The statute's plain meaning required the trial court to issue a rule to show cause detailing the factual basis for Father's alleged contempt. Because the court failed to do so, its contempt order should not stand. I respectfully dissent from our decision excusing the trial court's noncompliance and reinstating Father's contempt.