## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 23 2016, 8:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Paul L. Jefferson
Caroline E. Richardson
Jefferson & Brewer, LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Lauren E. Harpold
Ruppert & Schaefer, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| J.S.,<br>*Appellant-Respondent,*<br><br>v.<br><br>W.K.,<br>*Appellee-Petitioner* | June 23, 2016<br><br>Court of Appeals Case No.<br>49A02-1509-DR-1515<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Kimberly D. Mattingly, Magistrate<br><br>Trial Court Cause No.<br>49D05-1111-DR-42077 |

**Crone, Judge.**

## Case Summary

J.S. ("Father") and W.K. ("Mother") were married for twenty-one years and have four children. Upon dissolution of their marriage, the parties agreed that they would proportionally financially support their children. Father has not upheld his part of this bargain, and the ongoing litigation as a result is an unfortunate illustration of the vexatiousness that can permeate post-dissolution cases involving the financial support of children. Father now appeals the trial court's order in favor of Mother on her (1) petition to modify child support and notice of emancipation, (2) verified rule to show cause, (3) motion to compel discovery, (4) verified petition for contempt and notice of pending issues, and (5) motion to compel filed May 1, 2015.[1] We affirm the trial court in all respects.

## Facts and Procedural History

The parties were married on May 12, 1991, and the trial court entered a decree dissolving the marriage and approving the parties' settlement agreement on June 18, 2012.[2] Four children were born of the marriage: L.S., R.S., S.S., and

---

[1] Although the trial court's findings of fact state that Mother's motion to compel was filed on April 30, 2015, the record reveals that her motion to compel was actually filed on May 1, 2015.

[2] We note that neither party apparently included the dissolution decree or subsequent settlement agreements in the record on appeal. Although not crucial, it would have been extremely helpful for this Court to have those documents for our review.

C.S. (collectively "the Children"). L.S. and R.S. are now emancipated by operation of statute.

[3] On July 30, 2013, Mother filed a verified motion for modification of child support and notice of emancipation. On December 8, 2014, the trial court approved the parties' partial settlement agreement with respect to Father's child support arrearage and future child support payments. Then, in March 2015, Mother filed a verified supplemental petition for contempt and notice of pending issues. Father filed his response denying Mother's claims. The trial court held the first of two evidentiary hearings on pending issues on March 9, 2015. Following that hearing, Mother served supplemental discovery requests on Father. Father responded to the discovery on April 23, 2015, but rather than answering the questions, Father objected to nearly every question. Thus, on May 1, 2015, Mother filed a motion to compel discovery and for sanctions. The trial court held a second evidentiary hearing on May 4, 2015, and took the pending matters under advisement.

[4] Thereafter, the trial court entered its findings of fact, conclusions thereon, and order concluding in relevant part that: (1) Father owes Mother $50,984.51 for his portion of the Children's extraordinary expenses, including but not limited to college expenses, advanced by Mother for the benefit of the Children beginning in 2012 through April 2015; (2) Father is in contempt of court for his violation of the December 8, 2014, agreement regarding the payment of child support, his violation of the dissolution decree regarding the payment of the

Children's college expenses, and his failure to comply with the Court's order regarding discovery; and (3) Father owes Mother $32,425 in attorney's fees.

[5] Father filed a motion to correct error, which was deemed denied pursuant to Indiana Trial Rule 53.3(A). This appeal ensued. We will provide additional facts in our discussion when necessary.

## Discussion and Decision

[6] We begin by observing that, at Mother's request, the trial court entered written findings of fact and conclusions thereon pursuant to Indiana Trial Rule 52(A). In such cases, we apply a two-tiered standard of review. *Marion Cnty. Auditor v. Sawmill Creek, LLC*, 964 N.E.2d 213, 216 (Ind. 2012). "We first determine whether the evidence supports the findings then whether the findings support the judgment. Courts of appeal 'shall not set aside the findings or judgment unless clearly erroneous.'" *Id*. (quoting Ind. Trial Rule 52(A)). In making our determination, we neither reweigh evidence nor reassess witness credibility, and we view the evidence in the light most favorable to the judgment. *Best v. Best*, 941 N.E.2d 499, 502 (Ind. 2011). Moreover, we may affirm the judgment on any legal theory supported by the findings if that theory is consistent with all of the trial court's findings of fact and the inferences reasonably drawn from the findings, and if we deem such a decision prudent in light of the evidence presented at trial and the arguments briefed on appeal. *Bertholet v. Bertholet*, 725 N.E.2d 487, 495 (Ind. Ct. App. 2000). "Appellate deference to the determinations of our trial court judges, especially in domestic relations

matters, is warranted because of their unique, direct interactions with the parties face-to-face, often over an extended period of time." *Best*, 941 N.E.2d at 502. Thus, the party challenging a trial court's findings labors under a heavy burden. *In re Guardianship of B.H.*, 770 N.E.2d 283, 288 (Ind. 2002).

## Section 1 – The trial court did not clearly err in ordering Father to pay $50,984.51 for his portion of the Children's extraordinary expenses.

Each party agrees that, in addition to providing for the allocation of college expenses between the parties, the dissolution agreement and subsequent settlement agreements specifically provided for the allocation of the children's "extracurricular activity expenses" or what may be referred to as "extraordinary expenses." Appellant's App. at 14.[3] At trial, Mother submitted evidence of approximately $96,000 that she claimed to have incurred for the Children's extraordinary expenses dating back to 2012 that were not proportionally reimbursed by Father. Father disputed some of those claimed expenses and argued that he had incurred approximately $50,000 in his own extraordinary

---

[3] Indiana Child Support Guideline 8 describes "Other Extraordinary Expenses" as "expenses of an 'optional' nature such as costs related to summer camp, soccer leagues, scouting and the like. When both parents agree that the child(ren) may participate in optional activities, the parents should pay their pro rata share of these expenses." The parties here did not include the dissolution decree or their settlement agreements in the material submitted on appeal. However, it appears that they specifically agreed to share expenses for "[s]ports, dance, musical groups, theater, costuming, shoes, special school events, including uniforms, travel, language classes, Hebrew School, Sunday School, Bat mitzvah expenses, car expense, car repairs, car insurance, car payment." Tr. at 71-72. It also appears that they agreed to share expenses for additional extracurricular activities after at least some notice or consultation with each other. *Id.* at 74-75. The record indicates that Father's agreed share of the children's extraordinary expenses was initially 70%, but was changed to 80% as of July 31, 2013. *Id.* at 210; Appellant's App. at 12.

expenses for the Children. He submitted receipts and proof of payment for some but not all of his claimed expenses. Based upon evidence and documentation exchanged between the parties during these proceedings, Mother credited Father for $21,794.88 of expenses, resulting in her then claiming $77,198.08 of incurred extraordinary expenses. The evidence supporting Mother's claimed expenses consisted of hundreds of pages of receipts and proof of payment, as well as Mother's sworn testimony.

[8] Here, the trial court did not make a specific finding on each expense credited or not credited to either party, and contrary to Father's assertion, it was not required to do so. Therefore, we may affirm on any legal theory supported by the evidence. Father does not challenge the trial court's award of all of Mother's claimed expenses, but he argues on appeal that "there are at least $30,000 of expenses Mother was allowed to recover but should not have." Appellant's Reply Br. at 8. Father further argues that the trial court erred in failing to "consider Father's legitimate expenses" and to credit him for those. *Id.*

[9] The entirety of Father's argument is simply a request for this Court to reweigh the evidence, which we may not do. Father essentially claims that the trial court erred in determining that certain expenses claimed by Mother qualified as extraordinary expenses and that certain expenses claimed by Father did not. Father also appears to challenge the trial court's determination of which expenses were worthy of credit to either party and which were not. However, these determinations were within the sound discretion of the trial court, and we

will not second-guess those determinations. Much of the evidence presented by the parties to support their respective expenses was highly contested. It was the trial court's prerogative to weigh that evidence. Pursuant to our standard of review, we will consider only the evidence favorable to the trial court's judgment. After a thorough review of the record presented to us, we conclude that there is ample evidence to support the trial court's findings regarding extraordinary expenses and that those findings support the judgment.

[10] We remind the parties that neither the trial court nor this Court should be in the business of using valuable judicial time and resources to resolve all minor disputes concerning the numerous expenses associated with raising these children. The parties had an agreement in place, and the trial court has simply enforced that agreement based upon the evidence that it found to be credible. Father admits that he failed to pay his proportionate share of the agreed upon extraordinary expenses for a significant period of time, and he now asks for us to send this case back to the trial court to address the minutia line-by-line. We will not. Again, contrary to Father's assertions, the trial court's findings need not address and justify each claimed expense. There is sufficient evidence in the record to support the trial court's finding that Father should reimburse Mother $50,984.51 for his portion of the Children's extraordinary expenses. Father has not demonstrated that the trial court's order is clearly erroneous.

## Section 2 – The trial court did not abuse its discretion in finding Father in contempt.

[11]    Father next asserts that the trial court abused its discretion in finding him in contempt of court. Specifically, the trial court found Father in contempt for violating the December 8, 2014, agreement regarding the payment of child support, violating the dissolution decree regarding the payment of college expenses, and failing to comply with the court's order regarding discovery.[4]

[12]    "The determination of whether a party is in contempt of court is generally a matter within the sound discretion of the trial court." *Kahn v. Baker*, 36 N.E.3d 1103, 1114 (Ind. Ct. App. 2015), *trans. denied*. Indirect contempt, or civil contempt, is the willful disobedience of any lawfully entered court order of which the offender has notice. *Winslow v. Fifer,* 969 N.E.2d 1087, 1093 (Ind. Ct. App. 2012), *trans. denied* (2013). Where, as here, the trial court has entered findings of fact and conclusions of thereon, we must determine whether the findings and conclusions are sufficient to support the judgment that Father was in contempt of the court's orders. *See Kahn*, 36 N.E.3d at 1114. We will not reverse a trial court's contempt finding unless there is no evidence or inference therefrom to support it. *City of Gary v. Major*, 822 N.E.2d 165, 170 (Ind. 2005).

---

[4] Although not specifically listed under the "Contempt of Court" section of the trial court's findings, we note that the trial court also found Father in contempt for violating the dissolution decree regarding the payment of the Children's extraordinary expenses, and uninsured medical, dental, optometric, orthodontic, psychological, and prescriptive expenses. Appellant's App. at 10, 15-16.

[13] First, the trial court found Father "in contempt for violation of the December 8, 2014 Agreement, by his failure to take necessary steps to direct checks to be automatically withdrawn and/or to timely and regularly pay his child support every other week so that it is received when due." Appellant's App. at 11. Father claims that he established that the December 8, 2014, agreement requiring automatic payments was impossible to comply with, and therefore his violation of the agreement could not have been willful. Specifically, Father makes much ado about his alleged inability to set up automatic payments through his bank or the Marion County Child Support office. However, the trial court did not accept this as an excuse for untimely payments, and neither do we. As stated above, in addition to finding Father in contempt for failing to make automatic payments, the trial court found Father in contempt for failing to "timely" pay his child support, and Father does not dispute his consistent and repeated failure to do so. Based upon the undisputed evidence in the record supporting the trial court's finding that Father failed to timely pay child support to Mother, the trial court did not abuse discretion in finding Father in contempt on this issue.

[14] Next, the trial court found in pertinent part:

> 22. Pursuant to paragraph 11 of the Decree, Mother and Father each agreed to contribute to each of the Children's college education. The parties further agreed that in the absence of another agreement, Mother and Father would divide the Children's college expenses based on the parties' respective income percentages, which at the time of the divorce was 70%/Father, and 30%/Mother; and as of July 31, 2013 was

recalculated to be 80%/Father and 20%/Mother.

23.  Father was aware or should have been aware of the Court's Order and his responsibility to pay his share of the Children's college education based on the parties' respective income percentages…. However, since the Decree, Father has failed to timely pay for his portion of the Children's college expenses.

24.  Rather than timely paying his share of the tuition Father required the Parties' daughter [R.S.], to sign personal financial loans for her college tuition.

25.  Father had the ability to timely pay his college expense obligations.

26.  Father has failed to offer reliable evidence to justify his failure to timely pay his share of the Children's college education expense.

27.  Father is in contempt of Court for violation of the Decree by his failure to timely pay directly or reimburse Mother, for his portion of the Children's college expenses.

Appellant's App. at 11-12.

[15]    Father challenges the trial court's contempt finding on this issue by simply stating that "at the time of the hearing, all of the children's college tuition payments were current." Appellant's Br. at 16. Again, Father dances around the timeliness issue with numerous accusations and excuses, but he never directly disputes the trial court's determination that he indeed failed to timely pay directly or reimburse Mother for his portion of the Children's college

expenses in violation of the dissolution decree. Under the circumstances, Father has failed to demonstrate that the trial court abused its discretion.

[16] The trial court also found Father in contempt for failing to comply with the court's order on a motion to compel discovery. The trial court specifically noted Father's willful noncompliance with a 2014 court order on Mother's motion to compel discovery as well as Father's ongoing failure to appropriately respond to Mother's supplemental discovery requests following the March 9, 2015, evidentiary hearing. In short, Father has refused, and continues to refuse, to supply the trial court or Mother with information regarding his financial condition and ability to pay. Indeed, the court found that Father provided only "partial" responses to the ordered and requested discovery, and that those responses were "inaccurate," "misleading," "deliberately evasive," and "incomplete." Appellant's App. 13.

[17] Father downplays this behavior by claiming that it "is not bad faith for counsel to serve objections to discovery." Appellant's Br. at 22. Father further maintains that because the trial court never specifically ordered him to comply with Mother's supplemental discovery requests, he cannot be found in contempt for failing to comply with those requests. Father's justification for his continued noncompliance with discovery is not well taken.[5] We agree with Mother that the supplemental discovery requests were essentially a renewed

---

[5] The trial court noted its "utter dis[gust]" with Father's counsel's behavior and chastised him for the "gamesmanship" he has repeatedly exhibited regarding discovery. Tr. at 164.

request for the same financial information sought by the court's order on the motion to compel, an order with which the trial court found that Father "has still not complied." Appellant's App. at 13. The evidence supports the trial court's conclusion that Father willfully violated its 2014 order on the motion to compel. Thus, the trial court did not abuse its discretion in finding Father in contempt of court on that basis. The trial court's findings and conclusions are sufficient to support the judgment that Father was in contempt of the court's orders.

## Section 3 – The trial court did not abuse its discretion in ordering Father to pay a portion of Mother's attorney's fees.

[18] Lastly, Father asserts that the trial court erred in ordering him to pay $32,425 of Mother's attorney's fees. Our review of the trial court's findings reveal that the order was based both on the trial court's statutory authority pursuant to Indiana Code Section 31-16-11-1(a) and its inherent authority to award attorney's fees for civil contempt. Specifically, the trial court concluded,

> 80. Mariellen Katzman and Jordyn Katzman McAfee of Katzman & Katzman, P.C. have represented Mother since September 29, 2014, and Leah Lotfalian has represented Mother since March 16, 2015, Ms. Katzman testified that she has represented Mother at a rate of $350.00 per hour and Ms. Lotifalian has represented Mother at a rate of $175.00 per hour.

> 81. Prior to September 29, 2014, Mother represented herself at a rate of $225.00 per hour.

82.  During the time Mother was self-represented, Mother incurred $7,425 as the reasonable cost for attorney fees and expenses.

83.  Mother has incurred an additional $33,688.75 from September 29, 2014, through May 4, 2015 and in excess of said amount in attorney's fees through the filing of these Proposed Findings of Fact and Conclusions of Law and Judgment.

84.  Mother would not have incurred the fees and expenses associated in bringing Mother's Contempt Petitions, but for Father's Contempt of Court and failure to comply with the Decree.  Additionally, pursuant to Indiana Trial Rule 37(A)(4), Mother should be awarded reasonable attorney fees and expenses associated in bringing Mother's Motion to Compel.

85.  The Court now finds that Mother is entitled to attorney fees in the amount of $7,425, as the reasonable cost for attorney fees and expenses incurred during the time she was self-represented, which is hereby reduced to judgment in favor of Mother and against Father.

86.  *By reason of Father's multiple acts of contempt, he shall be ordered to compensate Mother for her litigation costs including attorney fees.*  Father is now therefore ORDERED to reimburse Mother $25,000 of Mother's attorney's fees and costs of litigation through May 4, 2015, which is hereby reduced to judgment in favor of Mother and against Father.  The Court recognizes that this will not cover all of Mother's attorney fees and litigation expenses, but rather a substantial portion of her fees.

Appellant's App. at 21-22 (emphasis added).

[19] Pursuant to Indiana Code Section 31-16-11-1,[6] a dissolution court has broad discretion to impose attorney's fees on either party to a child support proceeding. *Thompson v. Thompson*, 868 N.E.2d 862, 870 (Ind. Ct. App. 2007). The court may properly consider the respective resources of the parties, their financial earning abilities, and "any other factors that bear on the reasonableness of the award." *Id*. A trial court is not required to give reasons for its determination, and it need not explicitly weigh the foregoing factors. *Connolly v. Connolly*, 952 N.E.2d 203, 208 (Ind. Ct. App. 2011). An attorney fee award will be reversed only if it is clearly against the logic and effect of the facts and circumstances before the court. *Brown v. Brown,* 776 N.E.2d 394, 397 (Ind. Ct. App. 2002), *trans. denied* (2003).

[20] In addition, a trial court has inherent authority to award attorney's fees for civil contempt. *Kahn*, 36 N.E.3d at 1116. Indeed, no statutory sanction is needed, as a court's power to enforce compliance with its orders and decrees duly entered is inherent. *Crowl v. Berryhill,* 678 N.E.2d 828, 831 (Ind. Ct. App.

---

[6] This section provides:

> (a) The court periodically may order a party to pay a reasonable amount for:
>
> (1) the cost to the other party of maintaining or defending any proceeding under this chapter,..;
> (2) attorney's fees; and
> (3) mediation services;
>
> including amounts for legal services provided and costs incurred before the commencement of the proceedings or after entry of judgment.
>
> (b) The court may order the amount to be paid directly to the attorney, who may enforce the order in the attorney's name.

Ind. Code § 31-16-11-1.

1997).  Accordingly, apart from any statutory authority, a court has the inherent authority to enforce its orders and to compensate the aggrieved party for losses and damages resulting from another's contemptuous actions.  *Id.* at 832. We review the trial court's ruling on a contempt petition for an abuse of discretion, and we will neither reweigh the evidence nor reassess the credibility of witnesses.  *In re Paternity of Pickett*, 44 N.E.3d 756, 771 (Ind. Ct. App. 2015).  We will affirm the trial court's decision unless it is against the logic and circumstances before it and we have a firm and definite belief that a mistake has been made.  *Id.*

[21]  As stated above, the basis for the trial court's award of attorney's fees here is twofold: (1) the trial court's discretionary statutory authority to award fees in family law matters, and (2) the trial court's inherent authority to sanction a party's contempt.  Mother, a licensed attorney, submitted a timesheet supporting her hours spent when proceeding pro se prior to September 29, 2014.  She testified that she spent thirty-three hours on "discovery matters" and that her hourly rate was $225 per hour, resulting in a fee of $7425.  Tr. at 167.  Mother's attorneys also submitted detailed invoices for services rendered between September 29, 2014, and May 4, 2015, totaling $33,688.75.  Mother's lead counsel explained to the trial court,

> I submitted an attorney fee affidavit and a supplemental attorney fee affidavit, and I would just say, uhm, you know, we've tried to do things expediently, inexpensively, it hasn't worked.  Uhm, the expenses that had been incurred had been roughly because [Father] has not been cooperative.  Uh, we have gone to other lengths to get information from non-parties, to hunt down

witnesses and tried to seek other information, uhm, which has been costly.

Tr. at 211-12. Based upon the evidence presented, the trial court determined that it was reasonable to order Father to pay Mother $32,425 in fees.

[22] While Father's specific complaints on appeal about the trial court's award of attorney's fees are far too numerous to repeat in detail, we note that Father's overriding complaint is that the court's award is "unreasonable" and unsupported by the evidence. Appellant's Br. at 25. Father dedicates a substantial portion of his appellate argument picking apart the submitted fee statements, claiming that Mother failed to present evidence as to the reasonableness of the rates charged, hours expended, and work required. However, we find dispositive that during the trial court proceedings, Father did not challenge the reasonableness of the fees or request a separate evidentiary hearing relating to attorney fees. Father did not object in any way to the submission of attorney fees in this matter, and he declined to cross-examine Mother or her attorneys regarding their fees or billing practices.

[23] When a party fails to make an objection to the trial court, it cannot raise the objection on appeal. *Kelly v. Kravec*, 999 N.E.2d 433, 442 (Ind. Ct. App. 2013). A proper objection before the trial court permits the court to correct any errors at that time. *Davidson v. Bailey*, 826 N.E.2d 80, 85 n. 6 (Ind. Ct. App. 2005). We have previously held that the failure to object to the admission at trial of evidence as to attorney's fees constituted waiver of any contention on appeal with respect to the correctness and accuracy of that evidence. *Wilcox Lumber Co.*

*v. The Andersons, Inc.*, 848 N.E.2d 1169, 1171 (Ind. Ct. App. 2006). Because Father did not object to the admission of the fee affidavits or the reasonableness of the fees, he has waived appellate review of any argument challenging the reasonableness of the fees.

[24] Waiver notwithstanding, in determining whether an attorney fee is reasonable, "the trial court may consider such factors as the time, labor, and skill required to perform the legal service, the amount involved and the results obtained, the experience, reputation, and ability of the lawyer, and the fee customarily charged in the locality for similar legal services." *Longest ex rel. Longest v. Sledge*, 992 N.E.2d 221, 231 (Ind. Ct. App. 2013), *trans. denied* (2014); *see also* Ind. Rule of Professional Conduct 1.5(a) (setting out factors for determining a reasonable fee). We have observed that "the trial judge is considered to be an expert on the question and may judicially know what constitutes a reasonable attorney's fee." *Longest*, 992 N.E.2d at 231. Given the detailed billing statements submitted here, and the trial court's proximity to and knowledge of counsel and these proceedings, we conclude that the trial court did not abuse its discretion in determining the reasonableness of the attorney's fees it awarded to Mother.

[25] Father maintains that the trial court failed to properly evaluate the relationship of the attorney's fees "to the issues for which they were ordered." Appellant's Br. at 5. Essentially, Father asserts that the trial court failed to properly sift through the billing entries to determine which attorney's fees were specifically incurred by Mother based upon his contempt and which were not. Again, we decline Father's invitation for us to reweigh the evidence. The trial court had

ample justification for ordering Father to pay Mother's attorney's fees based upon his numerous instances of contempt as well as the relative earning abilities of the parties and other factors supporting an award. Significantly, we note that the trial court's aggregate award of $32,425 was substantially beneath the total amount of fees incurred by Mother in the course of this protracted and contentious litigation. Because the award was well within the scope of the evidence presented, Father has not persuaded us to a firm and definite belief that a mistake has been made. We find no reversible error.[7]

[26] Affirmed.

Najam, J., and Robb, J., concur.

---

[7] Mother requests that we remand this case to the trial court for a determination of her entitlement to appellate attorney's fees. The clear language of Indiana Code Section 31-16-11-1 indicates that attorney's fees may be awarded for proceedings occurring after the entry of final judgment, which includes the award of reasonable appellate attorney's fees. *See Thompson v. Thompson*, 811 N.E.2d 888, 929 (Ind. Ct. App. 2004) (referring to identical statutory language in Ind. Code § 31-15-10-1), *trans. denied* (2005). This Court has recognized that the trial court retains jurisdiction to determine if an award of appellate attorney's fees is appropriate. *Id*. Thus, if Mother wishes for the trial court to consider her entitlement to appellate attorney's fees, she may petition the trial court accordingly. Remand is unnecessary.