## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 13 2017, 10:05 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Austin T.B. Malayer
Greencastle, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John E. Roberts, Jr., <br> *Appellant-Respondent,* <br><br> v. <br><br> Nicole Roberts, <br> *Appellee-Petitioner* | March 13, 2017 <br><br> Court of Appeals Case No. <br> 67A04-1606-DR-1404 <br><br> Appeal from the Putnam Circuit Court <br><br> The Honorable Charles D. Bridges, Special Judge <br><br> Trial Court Cause No. <br> 67C01-0207-DR-228 |

**Crone, Judge.**

## Case Summary

[1]  John E. Roberts, Jr. ("Father"), appeals the trial court's order dismissing his petition for contempt filed against Nicole Roberts ("Mother"). We affirm.

# Facts and Procedural History

[2] The marriage between Father and Mother was dissolved on October 31, 2002. Three daughters were born of the marriage. The oldest child is emancipated, and the two younger daughters currently attend college. On May 27, 2015, the trial court entered an order obligating Mother to pay forty percent of the parents' portion of the two younger daughters' college costs.[1] On November 18, 2015, Father filed a petition for contempt and request for a rule to show cause alleging that Mother failed to pay those costs as required. On November 25, 2015, Mother filed her response to Father's contempt petition stating that she had no intention of disregarding the court's order and explaining that she had already paid some of the obligation and further explained her attempts to obtain a receipt for the expenses so that she could properly pay them.

[3] Thereafter, on April 14, 2016, Mother filed a motion to dismiss the contempt petition with an attached affidavit and exhibits demonstrating that the expenses had been paid. One day later, the trial court granted Mother's motion to dismiss. On April 21, 2016, Father responded to the motion to dismiss with a motion to correct error and for sanctions alleging that Mother's motion to dismiss was converted to a summary judgment motion, that Mother failed to comply with Indiana Trial Rule 56, and that a factual dispute remained for trial such that dismissal was inappropriate. On April 25, 2016, the trial court entered an order vacating its previous order of dismissal and set the contempt

---

[1] Father did not include a copy of the trial court's order in his appendix.

matter for hearing.  Mother filed her response to Father's motion to correct error before learning that the court had already ruled on the motion, and then on May 16, 2016, she filed a motion to reconsider again requesting that the court dismiss the contempt petition and requesting that the court vacate its order granting Father's motion to correct error and setting the matter for hearing.  Father filed his response, and on May 23, 2016, the trial court granted Mother's motion to reconsider and again dismissed Father's contempt petition.[2] This appeal ensued.

## Discussion and Decision

[4] Initially, we note that Mother did not file a brief.

> When an appellee fails to submit a brief, we do not undertake the burden of developing appellee's arguments, and we apply a less stringent standard of review.  We may reverse if the appellant establishes prima facie error, which is error at first sight, on first appearance, or on the face of it.  The prima facie error rule relieves this Court of the burden of controverting arguments advanced in favor of reversal where that burden properly rests with the appellee.

---

[2] We observe that much procedural confusion was caused in this case due to the trial court ruling on pending motions almost immediately after they were filed rather than waiting for a response from the nonmovant. *See, e.g.*, Ind. Trial Rule 59(E)(party opposing a motion to correct error may file statement in opposition to motion to correct error not later than fifteen days after service of the motion).  Although we are generally in favor of the expeditious resolution of disputes, some confusion may have been obviated by a less hasty procedure.  Indeed, curiously, the very same day that the trial court dismissed the contempt petition it also granted a motion to compel discovery filed by Father.  However, that ruling is not a subject of this appeal, so we decline to address it further.

*Jenkins v. Jenkins*, 17 N.E.3d 350, 351-52 (Ind. Ct. App. 2014) (citations omitted).

[5] Father appeals the trial court's order dismissing his contempt petition. Because Mother included, and the trial court clearly considered, her affidavit and exhibits filed in support of her motion to dismiss the contempt petition, the motion was converted to one for summary judgment under Trial Rule 56. *See Azhar v. Town of Fishers*, 744 N.E.2d 947, 950 (Ind. Ct. App. 2001); Ind. Trial Rule 12(B) (if matters outside pleading are presented to and not excluded by court, motion to dismiss for failure to state a claim shall be treated as one for summary judgment and disposed of as provided in Rule 56). To the extent Father suggests that he was prejudiced by the procedure employed by the trial court, we disagree.

[6] Where a trial court treats a motion to dismiss as one for summary judgment, the court must grant the parties a reasonable opportunity to present Trial Rule 56 materials. *Azhar*, 744 N.E.2d at 950. The court's failure to give express notice of its intended conversion of a motion to dismiss to one for summary judgment "is reversible error only if a reasonable opportunity to respond is not afforded a party and the party is thereby prejudiced." *Id*. There are several considerations pertinent to a determination of whether a trial court's failure to give express notice deprives the nonmovant of a reasonable opportunity to respond. *Doe v. Adams*, 53 N.E.3d 483, 493 (Ind. Ct. App. 2016), *trans. denied*.

> First, we consider whether the movant's reliance on evidence outside the pleadings should have been so readily apparent that

there is no question that the conversion is mandated by T.R. 12(B). Second, we consider whether there was ample time after the filing of the motion for the non-movant to move to exclude the evidence relied upon by the movant in support of its motion or to submit T.R. 56 materials in response thereto. Third, we consider whether the non-movant presented "substantiated argument" setting forth how [he] "would have submitted specific controverted material factual issues to the trial court if [he] had been given the opportunity.

*Id*. (quoting *Azhar*, 744 N.E.2d at 950-51).

[7] Based upon the record, we conclude that Father was not prejudiced. Mother's reliance on evidence outside the pleadings in her initial response to Father's contempt petition as well as her motion to dismiss and her motion to reconsider was readily apparent such that there was no question that the trial court would be compelled to convert the motion to dismiss to a summary judgment motion. Moreover, despite Father's implications to the contrary, he was given a reasonable opportunity to respond to Mother's factual assertions, and in fact he did respond to her assertions on more than one occasion. Most significantly, although Father presents argument setting forth a specific controverted factual issue that he claims he would have submitted to the trial court if he had been given the opportunity, i.e., more time for discovery and/or a hearing, we conclude that such factual issue is not material to the contempt petition.[3] Thus,

---

[3] In his motion to correct error, Father argued that he intended "to present evidence at a hearing that [one of the daughters] incurred debt with family to keep her enrolled in college." Appellant's App. at 38. However, even assuming that Father could present this evidence, the evidence does not concern a factual issue material to the contempt proceedings. As we discuss more fully below, the purpose of civil contempt is to coerce

Father has not demonstrated how he was prejudiced by the fact that the trial court treated Mother's request for dismissal as one for summary judgment.

[8] Upon appellate review of an entry of summary judgment, our standard of review is the same as that of the trial court.

> Considering only those facts that the parties designated to the trial court, we must determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. In answering these questions, the reviewing court construes all factual inferences in the nonmoving party's favor and resolves all doubts as to the existence of a material issue against the moving party. The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law; and once the movant satisfies the burden, the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact. The party appealing from a summary judgment decision has the burden of persuading this court that the grant or denial of summary judgment was erroneous.

*Id*. at 494-95 (citation and quotation marks omitted). A trial court's ruling on a motion for summary judgment comes to this Court clothed with a presumption

---

action by the contemnor for the benefit of the aggrieved party. *Reynolds v. Reynolds*, 64 N.E.3d 829, 835 (Ind. 2016). While we conclude that Mother is not in willful disobedience of the May 2015 order and that coercive intervention by the court is unnecessary, even assuming that she was and that Father could present the evidence that he claims, Father would not be the aggrieved party under such circumstances. Accordingly, Father has failed to present substantial argument setting forth how he would have submitted specific controverted material factual issues to the trial court if he had been given the opportunity.

of correctness, and we may affirm on any theory supported by the properly designated evidence. *Id*. at 495.

[9] Indirect contempt is the willful disobedience of any lawfully entered court order of which the offender had notice. *Akiwumi v. Akiwumi*, 23 N.E.3d 734, 737 (Ind. Ct. App. 2014). The purpose of civil contempt proceedings is to "coerce action for the benefit of the aggrieved party." *Marks v. Tolliver*, 839 N.E.2d 703, 707 (Ind. Ct. App. 2005). Civil contempt is not meant to punish the contemnor. *Reynolds v. Reynolds*, 64 N.E.3d 829, 835 (Ind. 2016). Father's petition for contempt alleged that Mother had "failed and refused" to pay her portion of the daughters' college expenses as provided by the May 2015 court order, and that she should be held in contempt for such failure. Appellant's App. at 22. However, Mother's affidavit filed in support of her motion to dismiss the contempt petition included Mother's statements as well as documentary exhibits evidencing that Mother's portion of the college expenses had indeed been paid such that no coercive action was necessary and that the petition was essentially moot. Father does not challenge Mother's evidence and, in fact, he concedes that, at the time Mother requested dismissal of his contempt petition, Mother's obligation to pay her portion of the college expenses had been satisfied. Nevertheless, he asserts that a factual dispute remains as to whether Mother "herself had actually paid the college expenses as ordered" because Mother did not specifically aver that "she" paid the expenses and admitted that her mother paid some of the expenses. Appellant's Br. at 6,

8. Father has not met his burden to persuade us that a genuine issue of material fact remains for trial.

[10] Father has not provided this Court with a copy of the May 2015 order that he claims Mother is in willful disobedience of, and we will not speculate as to the exact wording of that order. *See Shoemaker v. Ind. State Police Dep't*, 62 N.E.3d 1242, 1245 (Ind. Ct. App. 2016) (observing that it is appellant's burden to present complete record with respect to issues raised on appeal). What we are able to surmise is this: Mother is responsible for a portion of the college expenses, and she has aptly demonstrated that those expenses have been paid. Exactly how or with what funds she satisfied the obligation is of no moment to Father. Because the undisputed material facts demonstrate that Mother's obligation has been satisfied, we conclude as a matter of law that she is not in willful disobedience of any lawfully entered court order and that no coercive action of the trial court is necessary. Under the circumstances, we see no reason for any further consideration of Father's petition for contempt. As no genuine issue of material fact remains, summary judgment in favor of Mother is appropriate. The trial court's order dismissing Father's petition for contempt is affirmed.

[11] Affirmed.

Riley, J., and Altice, J., concur.