# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 15 2020, 8:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Luke L. Tooley, Jr.
Billerica, Massachusetts

APPELLEE PRO SE

Michael Ghosh
Carmel, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Meleeka Clary-Ghosh, MCM Fashions, LLC, TCD Productions, LLC, Andrew L. Clary, Jr., and Luke L. Tooley, Jr.,[1]

*Appellants-Defendants*,

v.

Michael Ghosh,

*Appellee-Plaintiff*.

May 15, 2020

Court of Appeals Case No. 19A-PL-1541

Appeal from the Hamilton Superior Court

The Honorable Jonathan M. Brown, Judge

Trial Court Cause No. 29D02-1707-PL-6437

---

[1] Meleeka Clary-Ghosh ("Clary-Ghosh"), MCM Fashions, LLC ("MCM"), TCD Productions, LLC ("TCD"), and Andrew L. Clary Jr. ("Clary") are not seeking relief on appeal and have not filed briefs in this appeal. However, pursuant to Indiana Appellate Rule 17(A), a party of record in the trial court is a party on appeal.

**Kirsch, Judge.**

[1] Luke L. Tooley, Jr. ("Tooley") appeals the trial court's denial of his motion to vacate a default judgment that was entered against him in favor of Michael Ghosh ("Ghosh"). Tooley raises several issues for our review, and we find dispositive the issue of whether he received sufficient service of process. Finding that he was properly served, we affirm the trial court's denial of his motion to vacate the default judgment.

## Facts and Procedural History

[2] On July 11, 2017, Ghosh filed a verified complaint ("initial complaint") against Clary-Ghosh, his former spouse, and MCM to set aside fraudulent transfers and to pierce the corporate veil/alter ego of MCM pursuant to Indiana Code chapter 32-18-2. *Appellant's App. Vol. 2* at 3, 51-115. MCM's operating agreement shows that it is composed of Clary-Ghosh, who served as the business's registered agent, Tooley, and Clary, who is the brother of Clary-Ghosh. *Appellee's App. Vol. 2* at 23, 42, 47. Schedule II of the MCM operating agreement, titled, "MEMBER INFORMATION, CONTRIBUTION & INTEREST PERCENTAGE" listed Tooley's address as follows:

> Luke L. Tooley, Jr.
> 11 Crawfield Street
> Dorchester, Massachusetts 02125

*Appellee's App. Vol. 2* at 42. Before Ghosh and Clary-Ghosh were married, Tooley and Clary-Ghosh had children together and Ghosh and Clary-Ghosh

went to Tooley's personal residence in Dorchester, Massachusetts to pick up Clary-Ghosh's daughters from their visitation with Tooley. *Id.* at 21. In the initial complaint, Ghosh sought to collect on judgments that had been awarded to him against Clary-Ghosh arising out of the divorce proceedings between him and Clary-Ghosh, alleging that Clary-Ghosh "fraudulently conveyed all of her property to MCM with the actual intent to hinder, delay, or defraud [Ghosh]." *Appellant's App. Vol. 2* at 51-52. On March 8, 2018, Tooley established a revocable trust into which he subsequently transferred, among other assets, a 2000 Mercedes-Benz CLK 430, a 2002 Chevrolet Venture, a 2005 Lexus GX 470, a 2007 BMV 750i, and a 2005 Mercedes-Benz CLS 500C, vehicles that Clary-Ghosh owned and had previously transferred to MCM. *Appellee's App. Vol. 2* at 64-92; 102-06.

[3] On August 27, 2018, Ghosh filed a motion for leave to amend the complaint ("amended complaint"), seeking to add three additional defendants, Tooley and Clary, in their individual capacities, and TCD Productions, LLC ("TCD"). *Id.* at 233-35. TCD was created by Clary-Ghosh and identified Tooley as its sole corporate manager. *Id.* at 241. The trial court granted Ghosh's motion to amend on January 3, 2019. *Id.* at 236. The amended complaint set forth the amounts of the judgments awarded to Ghosh as a result of the divorce proceedings between Clary-Ghosh and Ghosh, which totaled $84,567.13. *Id.* at 238, 240-41. It also set forth the vehicles that Clary-Ghosh owned and transferred to MCM, which included the vehicles that Tooley had previously transferred to his revocable trust. *Id.* at 239-40. The amended complaint sought,

among other things, to hold Tooley personally liable for the judgments awarded to Ghosh against Clary-Ghosh in their divorce proceeding. *Id.* at 243-44. Ghosh requested relief, in part, for the trial court to order "Tooley personally liable for [Clary-Ghosh's] debts and financial obligations due and owing Ghosh" and to order Tooley (along with MCM, TCD, Clary-Ghosh, and Clary) to "pay Ghosh punitive damages for their malicious and/or fraudulent conduct . . . ." *Id.* at 245.

[4] Ghosh engaged a private process server to serve Tooley, a resident of Massachusetts, with the summons, amended complaint, and the order granting motion for leave to amend at the address for the residence listed in the MCM operating agreement, 11 Crawfield Street, Dorchester, Massachusetts 02125 ("11 Crawfield"). *Appellant's App. Vol. 2* at 237, 246-49. It was discovered that 11 Crawfield did not exist in Dorchester, but there was an 11 Cawfield Street, Dorchester, Massachusetts 02125 ("11 Cawfield"). *Appellee's App. Vol. 2* at 22. Ghosh's process server made five unsuccessful attempts to serve Tooley at 11 Cawfield throughout January 2019 but eventually successfully served Tooley on February 4, 2019 at 11 Cawfield with the summons, amended complaint, and order granting motion for leave to amend. *Appellant's App. Vol. 2* at 249. The process server noted that he left the documents at 11 Cawfield and mailed a copy of the documents served via first class United States Mail. *Id.*

[5] On February 7, 2019, Ghosh filed a verified notice of service of process on Tooley and attached the process server's affidavit of service, which the trial court entered into its chronological case summary ("CCS"). *Id.* at 246-49. On

March 15, 2019, Ghosh filed a motion for default judgment against Tooley to which he attached an affidavit from his trial counsel in support of his motion. *Appellant's App. Vol. 3* at 7-10. The affidavit indicated that Tooley was served with a copy of the summons and the amended complaint on February 4, 2019, failed to appear, plead, or defend himself before February 27, 2019, which was the deadline for Tooley to respond to the amended complaint, and that Tooley was not currently in the armed forces of the United States. *Id.* at 9-10.[2]

[6] On May 1, 2019, the trial court granted Ghosh's motion and entered a default judgment against Tooley. *Appellant's App. Vol. 2* at 26-27. The trial court awarded Ghosh a judgment against Tooley in the amount of $84,567.13 plus interest, a $75,000 award of punitive damages plus interest, and attorney's fees and costs with the amount to be determined at a damages hearing. *Id.* On May 28, 2019, Tooley filed a motion to vacate default judgment and motion to dismiss pursuant to Trial Rule 12(b)(5) ("motion to vacate"), which included an exhibit declaring that he did not reside at 11 Crawfield and that he never received a summons or amended complaint either by hand-delivery or through the United States Mail. *Appellant's App. Vol. 3* at 17-23. Citing Indiana Trial Rule 60(B)(6), Tooley argued that the trial court's entry of default judgment

---

[2] CCS entries dated March 22, 2019, March 27, 2019, April 2, 2019, and April 5, 2019 show that first class mail sent to Tooley at 11 Crawfield was returned. *Appellant's App. Vol. 2* at 17; *Appellant's App. Vol. 3* at 2-6. The March 22, 2019 CCS entry indicates "[o]rder, return marked ATTEMPTED NOT KNOWN," and the March 27, 2019 CCS entry indicates "[n]otice, return marked NOT DELIVERABLE AS ADDRESSED[.]" *Appellant's App. Vol. 2* at 17. The April 2, 2019 CCS entry notes "[o]rder, return marked NO SUCH STREET[.]" *Id.* Three identical April 5, 2019 CCS entries indicate "[n]otice, return marked ATTEMPTED NOT KNOWN[.]" *Id.*

against him should be set aside because he was not served with the summons and amended complaint and that there was no showing that he had minimum contacts with Indiana to subject him to the personal jurisdiction of the trial court. *Id.* at 17. On June 10, 2019, Ghosh filed his response in opposition to Tooley's motion to vacate along with supporting exhibits. *Appellee's App. Vol. 2* at 5-110. Ghosh argued in his response that Tooley was properly served and had sufficient minimum contacts to support the trial court's exercise of personal jurisdiction. *Id.* at 5.

On July 2, 2019, the trial court denied Tooley's motion to vacate, finding that Tooley was properly served and that the trial court had personal jurisdiction over Tooley. *Appellant's App. Vol. 2* at 32-41. With respect to service and personal jurisdiction, the trial court's order provided, in part, as follows:

> 5. In this case, [Ghosh] stated in an Affidavit that, during his marriage to [Clary-Ghosh], he "accompanied her to Dorchester, Massachusetts on at least one occasion to visit with her children's father, [Tooley], at his personal residence. Said visit was to pick up her daughters from their visitation with [Tooley] in order to return them to Hamilton County, Indiana.

> 6. Further, [Ghosh] stated in his Affidavit that "[Tooley's] personal residence is located at 11 **Cawfield** Street, Dorchester, Massachusetts 02125" (emphasis added).

> 7. On February 7, 2019, a *Verified Notice of Service of Process on Luke L. Tooley Jr.* stated that "[o]n February 4, 2019 at approximately 12:59 p.m. EST, John Roberto, a process server and disinterested person . . . delivered copies of a *Summons* directed to [Tooley] and the *Amended Complaint* in an envelope by

posting them at [Tooley's] dwelling house located at 11 **Crawfield** Street, Dorchester, Massachusetts 02125" and serving them "by first class United States Mail, postage pre-paid addressed to [Tooley], 11 **Crawfield** Street, Dorchester, Massachusetts 02125" (emphasis added)

8. However, despite the spelling distinction in the *Verified Notice of Service,* John Roberto's *Affidavit of Service* attached to the *Verified Notice of Service on Process on Luke L. Tooley Jr.* filed on February 7, 2019, states that Tooley's address was "11 **Cawfield** Street, Dorchester, MA 02125" (emphasis added). Not only that, but there was a successful attempt of service after five unsuccessful attempts, where, on February 4, 2019, Roberto "LEFT DOCUMENT(s) LAST & USUAL, ALSO MAILED, VIA 1ST CLASS U.S. MAIL, COPY OF DOCUMENT(s) SERVED" at 11 **Cawfield** Street in Dorchester, Massachusetts.

9. In an affidavit attached to his *Motion to Vacate and Motion to Dismiss*, Tooley argues that "although several relatives of [his] reside at 11 **Crawfield** Street, Dorchester, Massachusetts, 02125, [he had] never resided there," and that he had "never received a summons or complaint regarding this action, either by hand-delivery or the U.S. Mail" (emphasis added).

10. The Court takes judicial notice that-according to Google Maps, Apple Maps, Waze, and Mapquest-there is no Crawfield Street in Dorchester, Massachusetts. There is undoubtedly, however, a Cawfield Street in Dorchester, Massachusetts and, specifically, a house located at 11 Cawfield Street in Dorchester, Massachusetts.

11. Tooley's allegations that he never resided at 11 **Crawfield** Street in Dorchester, Massachusetts may be true because that address does not exist.

12. However, there is evidence that [Ghosh] actually went to 11 **Cawfield** Street in Dorchester, MA 02125 with [Clary-Ghosh], which was Tooley's personal residence, to specifically visit with Tooley and pick up [Ghosh's] step-children from their visitation with Tooley.

13. There is also evidence that Tooley executed an *Operating Agreement Limited Liability Company (LLC)* on behalf of Defendant MCM Fashions ("*MGM Operating Agreement"),* LLC in his capacity as its co-member and 50/50 shareholder. The *Operating Agreement* lists Tooley's address as: 11 **Crawfield** Street, Dorchester, Massachusetts 02125

14. In light of the facts that (1) there is no **Crawfield** Street in Dorchester, Massachusetts, (2) [Ghosh] actually visited Tooley at Tooley's personal residence at 11 **Cawfield** Street in Dorchester, Massachusetts, and (3) MCM Fashions, LLC's *Operating Agreement* lists Tooley's Address as 11 **Crawfield** Street in Dorchester, Massachusetts (which is clearly a scrivener's error based on the fact that there's no Crawfield Street in Dorchester, Massachusetts), [Ghosh] has shown that "even though a name was incorrect, the correct party was served," and the Court deems the service on Tooley at 11 **Cawfield** Street proper under Indiana Trial Rule 4.1(A) & (B). . . .

. . . .

21. In [Ghosh's] Amended Complaint, [Ghosh] listed that Tooley was a corporate member of [MCM]; fathered a child with [Clary-Ghosh]; and was a managing member of [TCD].

22. In [Ghosh's] *Response in Opposition to Defendant Luke L. Tooley Jr.'s Motion to Vacate Default Judgment and Motion to Dismiss*, [Ghosh] listed out a number of factors related to Tooley's minimum contacts related to [Ghosh's] IUFTA cause of action:

a. On November 15, 2011, Tooley executed the *MCM Operating Agreement* on behalf of Defendant MCM Fashions, LLC. The *MCM Operating Agreement* states that "The Registered Office or Headquarters and Registered Agent shall be as follows: 3538 East Carmel Drive, Carmel, Indiana 46033."

b. The *MCM Operating Agreement* stated that Tooley would be a comember and 50/50 shareholder of [MCM].

c. The *MCM Operating Agreement* further states that special meetings would take place at the "principal place of business of the Company."

d. On November 15, 2011, MCM filed its *Articles of Organization* with the Indiana Secretary of State, which listed the location of its principal office at 3538 East Carmel Drive, Carmel, Indiana 46033.

e. On August 14, 2013, MCM, by and through its Manager Meleeka Ghosh, filed a *Certificate of Amendment* with the Indiana Secretary of State that identified its principal office located at 3585 East Carmel Drive, Carmel, Indiana 46033, and added Tooley as a Member.

f. On or about August 24, 2016, Tooley purchased real property located at 1112 East Taylor Street, Kokomo, Indiana 46901.

g. On or about October 26, 2006, Tooley purchased real property located at 1106 East Monroe Street, Kokomo, Indiana 46901.

h. On or about March 8, 2018, Tooley hired counsel for MCM in Marion County, Indiana to create a *Revocable Trust Agreement*, which Tooley then submitted and published with the Indiana Bureau of Motor Vehicles.

i. Thereafter, MCM transferred five vehicles, including their respective licenses and registrations, into Tooley's Revocable Trust. The vehicles were purchased, registered, and licensed in Indiana. Those cars are specifically listed in [Ghosh's] original Complaint and Amended Complaint.

j. On March 18, 2018, Tooley transferred the Taylor Street property into his Revocable Trust. Tooley directed the Howard County Recorder to return a copy of the recorded Warranty Deed to: "Luke Tooley, Jr., 3145 Hazel Foster Drive, Carmel, Indiana 46033."

k. On or about July 6, 2018, Tooley purchased a 2007 Lincoln Navigator and a 2006 Mercedes CLS500C from Sims Auto, Inc. located at 1636 East Sycamore Street, Kokomo, Indiana 46901, which he subsequently transferred, including their respective licenses and registrations, into Tooley's Revocable Trust.

l. On January 17, 2019, Tooley transferred the Monroe Street property into his Revocable Trust. Tooley directed the Howard [C]ounty Recorder to return a copy of the recorded Warranty Deed to "Luke Tooley, Jr., 3145 Hazel Foster Drive, Carmel, Indiana 46033."

23. The Court finds that, based on all the above facts and circumstances, that Tooley has sufficient minimum contacts with Indiana related to the cause of action, and that maintenance of the suit does not offend traditional notions of fair play and

substantial justice.  As such, the Court has specific personal jurisdiction over Tooley over this cause of action.

*Id.* at 34-37, 38-41 (emphases in original).  Tooley now appeals.

# Discussion and Decision

Tooley contends that the trial court lacked jurisdiction to enter default judgment against him due to insufficient service of process.[3]  Therefore, he argues that the judgment is void under Indiana Trial Rule 60(B)(6), and the trial court erred when it denied his motion to vacate the default judgment.  A motion made under Trial Rule 60(B) to set aside a judgment is addressed to the equitable discretion of the trial court.  *In re Paternity of P.S.S.,* 934 N.E.2d 737, 740-41 (Ind. 2010).  "Typically, we review a trial court's ruling on a motion to set aside a judgment for an abuse of discretion, meaning that we must determine whether the trial court's ruling is clearly against the logic and effect of the facts and inferences supporting the ruling."  *Hair v. Deutsche Bank Nat'l Trust Co.,* 18 N.E.3d 1019, 1022 (Ind. Ct. App. 2014) (citing *Yoder v. Colonial Nat'l Mortg.,* 920 N.E.2d 798, 800-01 (Ind. Ct. App. 2010)).  "However, whether

---

[3] Tooley raises two other arguments as to why the trial court erred in denying his motion to vacate the default judgment, specifically:  (1) that the allegations in Ghosh's amended complaint cannot support the trial court's entry of a default judgment against him; and (2) that the evidence is insufficient to pierce MCM's corporate veil.  However, Tooley failed to raise those arguments in his motion to vacate; thus, Tooley has waived those arguments for our review.  It is the general rule that an argument or issue raised for the first time on appeal is waived for appellate review.  *See, e.g.*, *Reynolds v. Reynolds*, 64 N.E.3d 829, 834 (Ind. 2016) ("Appellants may not sit idly by and raise issues for the first time on appeal."); *Carney v. Patino*, 114 N.E.3d 20, 29 n.6 (Ind. Ct. App. 2018) ("The trial court cannot be found to have erred as to an issue or argument that it never truly had an opportunity to consider."), *trans. denied*.

personal jurisdiction exists over a defendant is a question of law that we review de novo." *Id.* "A judgment entered where there has been insufficient service of process is void for want of personal jurisdiction." *Id.* (citing *Front Row Motors, LLC v. Jones,* 5 N.E.3d 753, 759 (Ind. 2014)).

[9] We note at the outset that Tooley is a nonresident of Indiana and advances no argument that he lacked minimum contacts with Indiana; rather, he is arguing that he was not served with a summons. Here, Ghosh served Tooley under Indiana Trial Rule 4.1(A)(3), which provides that "[s]ervice may be made upon an individual, or an individual acting in a representative capacity, by . . . leaving a copy of the summons and complaint at his dwelling house or usual place of abode" and provides in subdivision (B) that whenever service is made under clause (3) "the person making the service also shall send by first class mail, a copy of the summons and the complaint to the last known address of the person being served, and this fact shall be shown upon the return." Recognizing that there was no street known as 11 Crawfield in Dorchester, Massachusetts, Tooley was served on February 4, 2019 at the correct address, 11 Cawfield. *Appellee's App. Vol. 2* at 22; *Appellant's App. Vol. 2* at 249. The notation on the notarized affidavit of service includes a job number and indicates that a mailbox at 11 Cawfield listed Tooley's name on it, that the summons, amended complaint, and order granting motion for leave to amend were left at 11 Cawfield, and that copies were then mailed first class to 11 Cawfield as required by Trial Rule 4.1(B). *Appellant's App. Vol. 2* at 249. Tooley does not argue that there is another address that should have been used to serve

him, and we cannot say that he received insufficient service of process. We conclude that Tooley received "'notice reasonably calculated, under all the circumstances, to apprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections." *See Anderson v. Wayne Post 64, Am. Legion Corp.*, 4 N.E.3d 1200, 1206 (Ind. Ct. App. 2014)

[10] To the extent that Tooley argues that the summons was not correctly entered into the CCS or that the summons was otherwise not proper, we note that "it is well settled that the trial court speaks through its CCS or docket[.]" *City of Indianapolis v. Hicks,* 932 N.E.2d 227, 233 (Ind. Ct. App. 2010), *trans. denied.* We acknowledge that there is no document in the record titled summons with respect to Tooley; however, as previously noted, the trial court's CCS shows a February 7, 2019 entry for an electronically filed certificate of issuance of summons for Tooley. *Id.* at 14, 246-48. At the time Tooley was served, Indiana Trial Rule 86(G), which sets forth the procedure for electronically filed service, provided in pertinent part:

> (2) Issuance of Summons and Service of Initial Complaint or Equivalent Pleading.
>
> (a) Except as provided below in (Q), at the time the initial complaint or equivalent pleading is filed, the filer shall also file completed summons(es) designating the manner of service. The Clerk shall date, sign and seal the summons(es) and transmit the summons(es) to the filer for service.

(b) The filer shall serve the initial complaint or equivalent pleading and the summons upon all parties in the manner provided in Trial Rules 4.1 through 4.14.

(c) In the event of service by registered or certified mail, or other public means by which a written acknowledgement of receipt may be requested and obtained, or first class mail (as provided in Trial Rule 4.1(B)) the filer shall promptly transmit to the Clerk a dated and signed Certificate of Issuance of Summons specifying the method of service with respect to each party, the date of mailing, address of each party, and tracking or identifying number for each summons.

(d) All returns regarding service shall be directed and made to the Clerk.

. . . .

(iii) If service was made by the filer leaving a copy of the summons and complaint or equivalent pleading at the dwelling house or usual place of abode of the party under Trial Rule 4.1(A)(3), the filer shall complete service as required by Trial Rule 4.1(B) and promptly transmit a dated and signed Affidavit of Service to the Clerk.

That same February 7, 2019 entry referred to Ghosh's filing of a verified notice of service of process and accompanying notarized process server's affidavit which noted that the summons was one of the documents served on Tooley, as set forth above. We find no error in the propriety of the trial court's CCS entry regarding the certificate of issuance of summons for Tooley. Therefore, we

conclude that the default judgment entered against Tooley is valid, and the trial court correctly denied Tooley's motion to vacate.

[11] Affirmed.

Najam, J., and Brown, J., concur.